(No. *12533.*—Judgment affirmed.)

SWIFT & CO., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BEATRICE KUCINSKI, Admx., Defendant in Error.)

*Opinion filed April 15, 1919—Rehearing denied June 5, 1919.*

1. WORKMEN'S COMPENSATION—*finding of a fact sustained by competent evidence cannot be reviewed.* Where there is competent evidence before the Industrial Commission fairly tending to prove a fact, the finding of that fact by the commission precludes its review in the Supreme Court.

2. SAME—*section 24 of Compensation act, as to notice of injury, is complied with by notice to the foreman.* Section 24 of the Workmen's Compensation act, providing that the employer shall be notified of the injury within thirty days, is complied with where the injured employee immediately after the injury tells the foreman of his employer about the accident.

3. SAME—*proviso to section 21 does not apply to compensation awarded under paragraph (a) of section 7 of Compensation act.* By paragraph (a) of section 7 of the Workmen's Compensation act the employer becomes liable, at all events, in case of an injury resulting in death, to pay the amount of compensation therein provided for, and the proviso to section 21, as amended in 1915, regarding the reduction of compensation in case of the death of the beneficiary, does not apply to compensation awarded under paragraph (a) of section 7.

4. SAME—*Industrial Commission is not required to determine shares of beneficiaries under paragraph (a) of section 7 of the Compensation act.* Paragraphs (a) and (f) of section 7 of the Workmen's Compensation act do not require a determination by

the Industrial Commission of the proportionate share which each beneficiary is entitled to receive in case of the death of an employee where the beneficiaries are all of the class specified in paragraph (a). (*Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34, distinguished.)

5. SAME—*when sum for medical services should not be included in award.* Where there is no evidence before the Industrial Commission as to what medical expenses were incurred by the injured employee within eight weeks of the injury or of the first day of disability but the only testimony as to medical services is that of a physician selected by the employee more than five months after the injury, the employee, under section 8a of the Workmen's Compensation act, must be held to have engaged such services at his own expense and an allowance for medical services should not be included in the award.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

T. M. COEN, for plaintiff in error.

CHARLES W. LAMBORN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Cook county affirmed the award of the Industrial Commission in favor of the defendant in error, Beatrice Kucinski, administratrix of the estate of Tony Kucinski, deceased, for injuries received by him while in the employ of the plaintiff in error and from which it is claimed he subsequently died.

Tony Kucinski was at the time of his death twenty-eight years of age, and for a number of years, with short intervals of absence, was in the employ of the plaintiff in error. His last employment was for about one year. It appears from the evidence that the alleged accident occurred on or about September 10, 1915. While the deceased was pushing a truck loaded with boxes and cases he slipped and fell and some of the cases fell upon him, striking him in the region of the back and hip. It appears that he left the employment of the plaintiff in error about four weeks after

the injury. For a time after that he was able to be about and walk with the aid of a cane and had some medical treatment. On December 27 following he was taken to the Michael Reese Hospital, where upon examination his hip was found to be infected with incipient tuberculosis and an operation was performed for the removal of an abscess. On February 24, 1916, a more advanced tubercular hip condition was found. Thereafter it was discovered that his lungs were tubercular. About May of the same year he was taken to the Cook County Hospital and died the following August of pulmonary tuberculosis. Application for the adjustment of this claim was filed February 25, 1916. The testimony of deceased was taken in the Cook County Hospital on the 11th day of May, 1916. Beatrice Kucinski, his widow, was appointed administratrix of his estate and appears as defendant in error here.

It appears from the evidence that prior to the injury deceased had enjoyed good health; that he had never had any trouble with his hip or leg and had never limped or suffered from rheumatism. The testimony of attending physicians tends to show that the appearance of tubercular infection at the hip was caused by the blow received by the deceased in the accident in question and that the infection later spread to his lungs, causing death. It does not appear to be urged by the plaintiff in error that the accident was not the cause of death.

The commission found as a fact that both the deceased and the respondent were working under and subject to the Workmen's Compensation act of Illinois; that the deceased did on the 10th day of September sustain an accidental injury which arose out of and in the course of the employment; that the respondent had notice of the accident and that claim was made within the time prescribed by law; that the deceased died as a result of the accidental injury; that respondent is liable for hospital and medical services to the amount of $150, in addition to compensation of $6.50

per week for a period of 416 weeks. The circuit court affirmed the award after striking from the same the sum of $150 awarded for medical services.

It is contended by the plaintiff in error that no notice was given of the alleged accident within thirty days thereafter, as required by the Compensation act; that since the deceased is survived by a widow and a minor child it is error to award compensation to the administratrix of the estate of the deceased, such right to compensation being an independent right vested in the dependents of the deceased; that the commission having held compensation was due to the representative of the estate, it was error to refuse to determine the relative interests of the surviving dependents in such and to apportion the same between the dependents upon demand and request of plaintiff in error on the hearing before the Industrial Commission. Cross-errors are assigned by the defendant in error averring that the court erred in striking from the award of the Industrial Commission the sum of $150 for medical services.

Concerning the contention of plaintiff in error that no notice of the injury was given, as required by section 24 of the Workmen's Compensation act, the record shows that the deceased testified concerning the manner of his injury, and that immediately after the injury he told Joe Lukidc, a foreman of plaintiff in error, that he had been injured and how it happened; that he was sent to the company doctor, who examined his hip, applied medicine of some sort and told him that he would be all right by the next day; that he returned to work but that the pain increased for three or four weeks, at the end of which time he told Lukidc that his hip hurt him so much that unless he could get easier work he would have to quit, and that Lukidc told him there was no other job for him and that he should go home and stay there until he was ready to come back. Section 24 of the Workmen's Compensation act provides, among other things, that notice of the injury shall be given

within thirty days, with certain exceptions, and further provides "that the failure on the part of any person entitled to such compensation to give such notice shall not relieve the employer from his liability for such compensation, when the facts and circumstances of such accident are known to such employer, his agent or vice-principal in the enterprise." The commission found that notice of the injury was, in fact, given as required by statute. There is evidence in the record tending to prove that deceased notified Lukidc, who the deceased testified was plaintiff in error's foreman, of the injury shortly after its occurrence. While it is earnestly urged that Lukidc was not a foreman of the plaintiff in error, it is not the province of this court to weigh the testimony on that point. As has been repeatedly held by this court, where there is competent evidence before the commission fairly tending to prove a fact, the finding of that fact by the commission precludes its review here. (*Smith-Lohr Coal Co.* v. *Industrial Com.* 286 Ill. 34; *Big Muddy Coal Co.* v. *Industrial Board,* 279 id. 235; *Albaugh-Dover Co.* v. *Industrial Board,* 278 id. 179.) As the foreman was the agent of the plaintiff in error, it follows that section 24, regarding notice, has been complied with. *Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498.

Plaintiff in error's second contention is that the court erred in affirming an award of compensation to the administratrix while the evidence shows that the widow and a child survived; that while compensation for disability prior to death is payable to the administrator, compensation on account of death is payable to the dependents; that it was not only the duty of the commission to award the compensation to the dependents, but it was incumbent upon it to apportion the compensation between the widow and child.

Section 7 of the Compensation act, as amended in 1915, provides as follows: "The amount of compensation which shall be paid for an injury to the employee resulting in

death shall be:   (a) If the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than $1650 and not more in any event than $3500.   Any compensation payments other than necessary medical, surgical or hospital fees or services shall be deducted in ascertaining the amount payable on death."

Paragraph (f) of said section 7 provides as follows: "The compensation to be paid for injury which results in death, as provided in this section, shall be paid at the option of the employer either to the personal representative of the deceased employee or to his beneficiaries, and shall be distributed to the heirs who formed the basis for determining the amount of compensation to be paid by the employer, the distributees' share to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased:   Provided, that, in the judgment of the court appointing the personal representative, a child's distributive share may be paid to the parent for the support of the child.   The payment of compensation by the employer to the personal representative of the deceased employee shall relieve him of all obligations as to the distribution of such compensation so paid.   The distribution by the personal representative of the compensation paid to him by the employer shall be made pursuant to the order of the court appointing him."

In support of his contention that the Industrial Commission should apportion the amounts due to the several beneficiaries, counsel for plaintiff in error cites Smith-Lohr Coal Co. v. Industrial Com. supra.   The question decided in that case arose by reason of a contest between the widow and the parents of the deceased as to who was entitled to the compensation, and this court in that case held:   "The statute as to distribution of the amount paid by the employer to the personal representative of the deceased applies only

in cases where the employer voluntarily pays the compensation to the personal representative of the deceased without a hearing and determination before an arbitrator or the Industrial Commission. If the compensation is fixed by the Industrial Commission it is required to determine who is entitled to the compensation before it can · determine the amount. * * * The fact that the claimants were the persons described in paragraphs (a) and (b), under which paragraphs the amount of the compensation provided is the same, could not operate to relieve the Industrial Commission from the duty of determining the person or persons who were entitled to the compensation. We do not construe the statute in such cases as this to leave it to the probate court to determine who is entitled to the award made by the Industrial Commission." In the case at bar there is no contest as to who shall receive the benefit of the award, and the rule laid down in the *Smith-Lohr Coal Co. case* on that point has no application here.

It is also contended that in view of the proviso in section 21 of the Compensation act, providing for the reduction of compensation in the event of the death of the beneficiary before the completion of the compensation payments, it is necessary to determine what the relative interests of the widow and child are in the compensation, so that, in the event of the death of either, the payments of compensation, so far as the deceased beneficiary is concerned, can be determined and the employer not subject to a judgment and execution for the entire amount. Section 21, as amended in 1915, provides in this regard as follows: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this act relative to compensation for death received in the course of employment: *Provided,* that upon the death of a beneficiary, who is receiving compensation provided for in section 7, leaving surviving a parent, sister or brother of the deceased employee, at the time

of his death dependent upon him for support, who were receiving from such beneficiary a contribution to support, then that proportion of the compensation of the beneficiary which would have been paid but for the death of the beneficiary, but in no event exceeding said unpaid compensation, which the contribution of the beneficiary to the dependent's support within one year prior to the death of the beneficiary bears to the compensation of the beneficiary within that year, shall be continued for the benefit of such dependents, notwithstanding the death of the beneficiary."

The proviso in section 21 applies to those cases where the beneficiary receiving compensation provided for in section 7 dies leaving surviving a parent, sister or brother of the deceased employee who was at the time of his death dependent upon the said deceased employee for support and who was receiving from such beneficiary a contribution towards support. In this case the only beneficiaries are the widow and a child, whose compensation is payable under paragraph (*a*) of section 7. The death of either of these beneficiaries would not leave surviving "a parent, sister or brother of the deceased employee," hence it follows that the proviso in section 21 has no application to compensation awarded under paragraph (*a*) of section 7. As we understand paragraphs (*a*) and (*f*) of section 7, they do not provide for determination by the Industrial Commission of the proportionate share which each beneficiary is entitled to receive where the beneficiaries are all of the class specified in paragraph (*a*) of said section, although, as was held in the *Smith-Lohr Coal Co. case,* the commission must, in order to determine the total amount of compensation, determine who is entitled to receive the same. That case does not, however, hold that it is incumbent upon the commission to determine how much or what proportion of the compensation every member of the class may receive. As was said by this court in the case of *Wangler Boiler and Sheet Metal Works Co.* v. *Industrial Com.* 287 Ill. 118: "Compen-

sation under the act in question is analogous to and is to take the place of damages at common law and under the statute. While the right to compensation is not a subject of bequest of the beneficiary but continues in the dependents of the beneficiary only in the manner provided by said act, yet such right to compensation, when determined according to law, is no less a vested right and one that can be affected only by the act of the legislature that gave it. (*Hansen* v. *Brann & Stewart Co.* 90 N. J. L. 444.) The intention of the legislature to so treat that right is shown by section 9 of the act, which, as we have seen, provides that where a lump-sum settlement is awarded by the Industrial Board in case of an injury resulting in death there is no right of rejection either by the employer or beneficiary. The intention of the legislature that such right shall be a vested right is further shown by paragraph (*g*) of section 19 of the act, which provides for judgment in the circuit court on an award where there is a refusal or failure to pay the compensation, such judgment being treated as similar to an execution.—*Friedman Manf. Co.* v. *Industrial Com.* 284 Ill. 554." By paragraph (*a*) of section 7 the employer becomes liable, at all events, to pay a sum equal to four times the average earnings of the employee, within the limitations there prescribed as to amount, and as we view the provisions of section 21 of the act the legislature did not intend that its provisions regarding reduction of compensation should apply to cases enumerated in said paragraph. The commission therefore did not err in making the award without determining the amount to which each beneficiary is entitled.

It is urged by cross-errors assigned by defendant in error that the circuit court erred in striking from the award the sum of $150 for medical services. There is no evidence as to what medical expenses were incurred by the deceased prior to February 24, 1916. The award of the Industrial Commission relative to the amount for medical services is

based upon the testimony of Dr. Mueller for his services between the 24th day of February and the first day of April following, in the year 1916. The services were not rendered within eight weeks of the date of the alleged accident, to-wit, September 10, 1915, or within eight weeks of the first day of disability. The deceased was evidently under treatment prior to February 24. The services of Dr. Mueller were rendered at the request of the deceased. Section 8a of the statute in question, relative to medical and hospital services in case of injury not resulting in death, as amended in 1915, is as follows: "The employer shall provide necessary first aid, medical, surgical and hospital services; also medical, surgical and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200. The employee may elect to secure his own physician, surgeon or hospital services at his own expense." There is no evidence in the record tending to show that the deceased requested plaintiff in error to supply medical services, other than the letter of his attorney on February 24, 1916, to plaintiff in error, stating that he assumed that plaintiff in error would assume all obligations of the Workmen's Compensation act. Plaintiff in error maintains a staff of physicians. The testimony of deceased showed that he was familiar with that fact, yet he chose other medical aid in the treatment he received prior to February 24 and subsequent to the day of the injury, when the evidence shows he went to the company doctor. His selection of Dr. Mueller on February 24 was an election to secure his own physician, and under section 8 he must be held to have elected to do so at his own expense. The circuit court did not err in striking the sum of $150 from said award.

No reversible error appearing in the record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part in this decision.