# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

(No. 15309.—Judgment affirmed.)

SWIFT & Co., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(INEZ M. DEMPSEY, Defendant in Error.)

*Opinion filed June 20, 1923.*

1. WORKMEN'S COMPENSATION—*construction of section 21 of the Compensation act as to when death of a beneficiary extinguishes right to compensation.* In section 21 of the Compensation act, providing that any right to receive compensation shall be extinguished by the death of the person or persons entitled thereto, "subject to the provisions of this act relative to compensation for death received in the course of employment," the quoted words mean that the death of a beneficiary shall not extinguish any right to compensation which the provisions of the act have already created in case of a death in the course of employment.

2. SAME—*section 7 of Compensation act construed.* The various provisions of section 7 of the Compensation act, construed together, clearly indicate that upon the death of any one member of the class of dependents who are entitled to compensation for a death occurring in the course of employment the remaining members of the class shall succeed to the balance of the award, the employer being liable to pay the full amount of the award as long as there are any dependents entitled to receive the same.

3. SAME—*under paragraph (g) of section 7 Industrial Commission may order award paid to child upon death of widow.* Under the provisions of paragraph (g) of section 7 of the Compensation

act of 1919 the Industrial Commission has jurisdiction, upon the death of a widow to whom compensation for the death of her husband is being paid under the act, to modify the award and order the balance of the compensation to be paid to a minor child.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LEE W. CARRIER, Judge, presiding.

THOMAS M. COEN, for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Application for adjustment of claim for compensation was filed on May 29, 1918, before the Industrial Commission by Inez B. Dempsey, widow of James F. Dempsey, on account of accidental injuries sustained by her husband on January 25, 1918, while in the employ of Swift & Co., plaintiff in error, which caused his death on February 3, 1918. On August 13, 1919, the commission entered its decision finding that the deceased left surviving him Inez B. Dempsey, his widow, and Inez M. Dempsey, his minor daughter, who was of the age of seventeen years at the time of the accident, both of whom were totally dependent upon the deceased. The commission entered its order that the widow and the minor child "shall have and receive from the respondent compensation at the rate of $10 per week for a period of 350 weeks, all of said compensation to be paid to the widow for the support of herself and child." On November 1, 1920, the widow died, leaving surviving her daughter, Inez, defendant in error. Thereafter a petition was filed by defendant in error with the commission praying that the commission modify its decision and order of August 13, 1919, so as to make the entire award payable to her. On July 6, 1921, the commission entered an order modifying the award and directing that the entire compensation be paid to defendant in error during the remainder of the 350 weeks, beginning with November 12, 1920. The

sum of $1460, in 146 weekly installments of $10 each, had been paid the widow for the support of herself and minor child previous to the order of July 6, 1921. The latter order of the commission in favor of defendant in error was confirmed by the circuit court of Cook county on December 25, 1922, and this court granted a writ of error to review the judgment of the circuit court.

It is the contention of plaintiff in error that the commission had no jurisdiction to enter its order aforesaid, and that was its contention before the commission and also before the circuit court. The sole question presented in this court is, Did the award payable to the widow abate as to her share at her death, or is her share, under the Compensation act, to be paid to the defendant in error as the surviving beneficiary?

The decision of this case involves the construction of paragraph (*g*) of section 7 and the latter part of section 21 of the Workmen's Compensation act of 1919. The latter part of section 21 is in the following language: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this act relative to compensation for death received in the course of employment: *Provided,* that upon the death of a beneficiary, who is receiving compensation provided for in section 7, leaving surviving a parent, sister or brother of the deceased employee, at the time of his death dependent upon him for support, who were receiving from such beneficiary a contribution to support, then that proportion of the compensation of the beneficiary which would have been paid but for the death of the beneficiary, but in no event exceeding said unpaid compensation, which the contribution of the beneficiary to the dependent's support within one year prior to the death of the beneficiary bears to the compensation of the beneficiary within that year, shall be continued for the benefit of such dependents, notwithstanding the death of the beneficiary."

The foregoing provisions of section 21 have been the law of this State since 1915 without any change or modification and are the law to-day, the section being retained in the 1921 amendment of the Compensation act. in the same language as enacted in 1915. Section 21 of the 1915 act was an amendment of section 21 of the act of 1913, the amendment being simply the addition of the proviso above quoted, the act of 1913 being the same as the act of 1915 except that there was no proviso to the act of 1913. (Laws of 1913, p. 350; Laws of 1915, p. 412.)

Paragraph (*g*) of section 7 of the Compensation act of 1919, so far as material in this case, which was in force when the first order of the commission and the second order now in question in this suit were entered, is in this language:

"(*g*) The compensation to be paid for injury which results in death, as provided in this section, shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased: *Provided,* that the Industrial Commission or an arbitrator thereof may, in its or his discretion, order or award the payment to the parent or grandparent of a child for the latter's support the amount of compensation which but for such order or award would have been paid to such child as its share of the compensation payable, which order or award may be modified from time to time by the commission in its discretion with respect to the persons to whom shall be paid the amount of said order or award remaining unpaid at the time of said modification. The payments of compensation by the employer in accordance with the order or award of the Industrial Commission shall discharge such employer from all further obligation as to such compensation."

The deceased employee in this case left no surviving parent, sister or brother at the time of his death dependent upon him for support. The proviso of section 21 therefore

has no material bearing on the issues in this case. Section 21 without the proviso is in the same language as section 21 of the act of 1913. Under this section as enacted in 1913 it is clear that every right to receive compensation under the Compensation act is extinguished by the death of the person or persons entitled thereto. The intention of the legislature by this section was to declare that on the death of any person or persons being paid compensation under the act their right to receive compensation was extinguished. The object in making such declaration was to bar representatives as well as heirs of beneficiaries being paid compensation by succeeding to such right after the death of the beneficiaries. The language of the legislature expressing such intent in said section is: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto." This declaration was qualified by the addition of these words: "Subject to the provisions of this act relative to compensation for death received in the course of employment." The clear meaning of these latter words is, that the provisions of the act relative to compensation for death received in the course of the employment are to remain in full force and effect notwithstanding the provision preceding these words. In other words, if the provisions of section 7 of the act (which is the section relative to compensation for death) provide for the transferring of the right of a beneficiary to receive compensation after his death to another person or beneficiary, or any portion of the compensation extinguished as aforesaid, such provisions are to be considered as still in force, except as modified by the proviso of section 21, which was added for the first time in 1915 and which has ever since been in force.

By paragraph (a) of section 7 of the Compensation act of 1913 the amount of compensation which shall be paid for an injury to the employee resulting in death shall be; if the employee leaves a widow, child or children whom he

was under legal obligations to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less, in any event, than $1500, and not more, in any event, than $3500. That section further provided that any compensation payments, other than necessary medical, surgical or hospital fees or services, shall be deducted in ascertaining the amount payable at death. That section has remained the law ever since the enactment in 1913, except that in 1915 the minimum amount payable was raised to $1650, and in 1921 the maximum amount was raised to $3750. These minimum and maximum amounts are not subject to change at any time except in cases of a widow and one child or more under the age of sixteen years at the time of the death of the employee, which exceptions are covered by other paragraphs of section 7.

By the provisions of paragraph (*g*) of section 7 above quoted, we think it very clearly appears that the commission had jurisdiction to make the order now in question. By the first part of this paragraph the compensation shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in proportion to their respective dependencies at the time of the injury on the earnings of the deceased. By the latter part of the proviso of this paragraph it is further provided that the order or award to be made by the commission under the provisions of the first part of the paragraph may be modified from time to time by the commission, in its discretion, with respect to the persons to whom shall be paid the amount of the order or award remaining unpaid at the time of the modification.

It seems to be the contention of plaintiff in error that the latter part of the proviso does not refer to the award or order made by the commission pursuant to the first part of paragraph (*g*) but has reference solely to the first part of the proviso, providing that the Industrial Commission may, in its discretion, order or award the payment to the

parent or grandparent of a child, for the latter's support, of the amount of compensation which but for such order or award would have been paid to such child as its share of the compensation payable. We cannot agree with this contention, as we feel very certain that the wording found in the latter part of the proviso is applicable only to the provisions of the first part of the paragraph. If the legislature had only intended to provide that the commission might from time to time change the appointment of the parties to receive the child's part for its benefit, it would undoubtedly have used different language from that employed in the latter part of the proviso.

The widow of the deceased employee in this case, and the daughter, who was over sixteen years old, were the persons who formed the basis for determining the amount of compensation to be paid by the employer under paragraph (a) of section 7 of the Compensation act. Had both the widow and the daughter died before all of the original award in this case was paid to them, then by the provisions of section 21 of the act the right of both to receive compensation would have been extinguished, and as there were no other members of their class to whom the commission could transfer their right to receive compensation, and as the deceased left no surviving parent, sister or brother dependent upon him for support to whom the right to receive compensation could be transferred by the proviso of section 21, the remainder of the award not paid to the widow and the child before their death would have lapsed and the obligation of the employer would have been at an end under such award. But under the facts in this case the widow at her death left surviving one of her class to receive the remainder of the compensation not already paid to the widow for the support of both of them. A careful consideration of all the provisions of section 7 of the Compensation act makes it very clear, we think, that after the death of one of a class under paragraph (a) of section 7 it is the

intention of the act that the remaining ones of the class shall succeed to that part of the award that the deceased (one of the class) would have received, as already explained. The act clearly intends that as long as there are members of the class under paragraph (*a*) the liability of the employer is to pay the entire award, or to make full weekly payments on the same until the death of all the members of the class entitled to receive the compensation or until the full award is discharged. The very first words of section 7 indicate that the purport of that section is to name the amount of compensation which shall be paid for an injury resulting in death, and that such amount shall be paid, in any event, to the class of individuals entitled to receive the same so long as there is a member of the class left, except as otherwise modified by section 21. The language of paragraph (*g*) of section 7 still further confirms this view by the latter part of the proviso, which provides that the order or award· may be modified from time to time by the commission, in its discretion, with respect to the persons to whom shall be paid the amount of the order or award remaining unpaid at the time of the modification. This discretion, of course, must be used in accordance with the provisions of said section. The commission has used its discretion in this case in accordance with the provisions of the statute by transferring to the minor child, on the death of the widow, the entire award remaining unpaid.

A like construction was made of a statute containing provisions similar to the ones we have just considered, in the case of *In re Bartoni,* 225 Mass. 349. The facts in that case were, that the deceased employee left a widow and a minor child fourteen years of age, both of whom were presumed to be dependent upon the employee for support. While the proceedings were pending before the Industrial Accident Board for the adjustment of compensation, and before an award was made, the widow died. The court held in that case that the administrator of the widow was

entitled to compensation from the time of the accident up to her death, and that the board was warranted in ordering all compensation paid to the minor except the widow's part up to the time of her death. The holding was made under the following provision: "Any weekly payment under this act may be reviewed by the * * * board, and on such review the board may, in accordance with the evidence and subject to the provisions of this act, issue any order which it deems advisable."

In the case of *Swift & Co.* v. *Industrial Com.* 288 Ill. 132, there was a holding, in substance, that on the death of one of the beneficiaries (the widow and a minor child of the employee both being entitled to compensation under paragraph (*a*) of section 7) the employer was not entitled to an abatement of the compensation to the extent of the share of the beneficiary who might first die before the award was completely paid, but that the entire award unpaid after such death would be payable to the surviving beneficiary. The writer of this opinion does not agree with all that is said in that case. The order or award of the commission in that case was made prior to the enactment of paragraph (*g*) of section 7 above quoted and under a paragraph of that section that did not provide expressly that the order or award of the Industrial Commission may be modified from time to time by the commission, in its discretion, with respect to the persons to whom shall be paid the amount of the award remaining unpaid at the time of the modification, as provided by paragraph (*g*) of section 7 of the act of 1919, above quoted. By the added authority of paragraph (*g*) the Industrial Commission undoubtedly had jurisdiction and authority to make the award in question in this case.

The judgment of the circuit court confirming the award of the commission is affirmed.  *Judgment affirmed.*