(No. 23949.—

EDWARD WAECHTER *et al.* Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE PLANO FOUNDRY COMPANY *et al.* Plaintiffs in Error.)

*Opinion filed October 15, 1937—Rehearing denied Dec. 8, 1937.*

HENRY KNELLER, and GEORGE W. HUNT, for plaintiffs in error.

ROBERT J. WING, and ARTHUR L. PUKLIN, for defendants in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Louis Waechter, an employee of the Plano Foundry Company, died on July 17, 1931, as a result of injuries received on May 4, 1931, during the course of his employment. (*Plano Foundry Co.* v. *Industrial Com.* 356 Ill. 186.) He left Mathilda Waechter, his widow, and one child, Edward, who became twenty-one years of age on July 11, 1935. By its award in that case the commission found that, "Louis Waechter left him surviving as his sole beneficiary under the provisions of the Workmen's Compensation act one Mathilda Waechter, his widow," etc., and an award was made to her of $12.15 per week for 308 weeks and $7.80 for one week. Compensation was paid to the widow for 181 weeks until the employer found she had re-married, and it was then discontinued. On March 16, 1935, Edward Waechter, by his mother and next friend, Mathilda Waechter Albrecht, filed his petition with the Industrial Commission, asking that the decision of the commission be modified to the end that compensation payments accruing after December 15, 1934, be ordered made to him "in accordance with the provisions of section 7 (*g*) and other provisions of the act." His petition was denied, but the circuit court

of Kendall county reversed the commission's order and remanded the cause, with directions to compute the compensation payments due from December 15, 1934, and to order the payment of the balance of the award to Edward Waechter. A writ of error brings the cause here for review.

The parties hereto concede that Edward Waechter and his mother were both dependent on Louis Waechter at the time of his injury and death. Although both signed the claim for the compensation, the commission found that the mother was the sole dependent. This finding, under the admitted facts, was erroneous. (*Peters* v. *Industrial Com.* 314 Ill. 560.) This order was entered November 19, 1932, and did violence to the rights of the minor son who was not represented at any stage of the proceeding by a guardian or next friend. It is well settled that a minor cannot commence or engage in a legal proceeding in his own name. (*Walgreen Co.* v. *Industrial Com.* 323 Ill. 194.) He can not appear by an attorney but must appear, if at all, by a representative, such as general guardian, guardian *ad litem* or next friend. (*Hasterlik* v. *Hasterlik,* 316 Ill. 72; 31 Corpus Juris, p. 1148.) Under the law, as applied to the facts in this case, the original award to the widow erroneously finding her to be the sole dependent and sole beneficiary of deceased, is not *res judicata* as against the rights of the minor son, who was not a party to the proceeding.

The Industrial Commission is granted specific authority by statute to modify compensation awards from time to time "in its discretion with respect to the person to whom shall be paid the amount of said order or award remaining unpaid at the time of said modification." (State Bar Stat. 1935, chap. 48, sec. 7 (*g*), p. 1593.) No confusion will result from a modification of the award in this case, as the facts here are to be distinguished from those which controlled our decision in *Trigg* v. *Industrial Com.* 364 Ill. 581. Here, Edward Waechter was a minor throughout the proceedings before the commission, while in the *Trigg case* the

daughter, Mary Jane Trigg, joined as a petitioner, was of legal age at the time of the hearing before the arbitrator and thus was bound by the findings and orders entered by the commission. A distinction must also be noted in the second paragraph of section 5 of the Workmen's Compensation act in that its provisions apply only to employees who are minors and not to minor dependents. Thus, while employees not of legal age are given power to contract, receive compensation and give quittances for injuries they receive, in the same manner as adults, the act confers no such authority upon dependents who are minors.

It is the statutory duty of the Industrial Commission in every case to carefully determine whether the deceased left him surviving any "child or children whom he was under legal obligations to support at the time of said injury," and to whom compensation payments should be made in the event of the death or re-marriage of a widow. (Sec. 7 (a), *supra*.) It is the public policy of this State that courts should guard carefully the rights of minors and that a minor should not be precluded from enforcing his rights unless clearly debarred by some statute or constitutional provision. (*Walgreen Co.* v. *Industrial Com. supra.*) We have repeatedly held, especially on questions of dependency, that the Workmen's Compensation act should receive a practical and liberal construction. *LaSalle County Carbon Coal Co.* v. *Industrial Com.* 356 Ill. 421; *Faber* v. *Industrial Com.* 352 id. 115.

The order of the commission in this case, denying the prayer of the minor son for a modification of the award in his favor, was properly set aside by the circuit court.

The judgment is, therefore, affirmed.

*Judgment affirmed.*