(No. 24688.—

THE BECKEMEYER COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSIE MARSHALL, Defendant in Error.)

*Opinion filed December 15, 1938.*

W. C. Ropiequet, for plaintiff in error.

Thurlow G. Lewis, and M. J. Hanagan, for defendant in error.

Mr. Justice Wilson delivered the opinion of the court:

Alex Marshall, an employee of the Beckemeyer Coal Company, died as the direct result of an accidental injury arising out of and in the course of his employment. Thereafter, Josie Marshall, his widow, and their four children, one of whom had attained her majority, by and through their mother as their next friend and mother, filed their application for adjustment of the claim with the Industrial Commission. The application was signed by the widow for herself and as next friend and mother of the children of the deceased. The arbitrator awarded compensation in the sum of $4450, payable in weekly instalments to the widow for the use and benefit of herself and the three minor children, subject to the further order of the Industrial Commission. The commission, on review, sustained the award. Its decision was confirmed by the circuit court of Clinton county. We have granted the employer's petition for a writ of error for a further review.

The single controverted question involves the construction of paragraph (g) of section 7 of the Workmen's Compensation act (Ill. Rev. Stat. 1937, p. 1569) which provides: "The compensation to be paid for injury which results in death, as provided in this section, shall be paid to

the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased: *Provided,* that the Industrial Commission or an arbitrator thereof may, in its or his discretion, order or award the payment to the parent or grandparent of a child for the latter's support the amount of compensation which but for such order or award would have been paid to such child as its share of the compensation payable, which order or award may be modified from time to time by the commission in its discretion with respect to the person to whom shall be paid the amount of said order or award remaining unpaid at the time of said modification. The payments of compensation by the employer in accordance with the order or award of the Industrial Commission shall discharge such employer from all further obligations as to such compensation."

The employer contends that the foregoing provisions rendered it mandatory for the arbitrator and the Industrial Commission to apportion the award between the widow and each of the minor children of the deceased employee, and, further, to order the compensation allocable to the children paid to a duly authorized legal guardian. The persons who formed the basis for determining the amount of compensation to be paid by the employer in this case were the widow of the deceased employee and the minor children. These dependents are all of the class specified in paragraph (a) of section 7. In such cases the commission is not required to determine the proportionate share of the award which each beneficiary shall receive in case of the death of an employee. (*Swift & Co.* v. *Industrial Com.* 288 Ill. 132.) Upon the death of any one member of the class of dependents entitled to compensation for a death occurring in the course of employment the remaining members of the class succeed to the balance of the award, the employer being

liable to pay the full amount of the award as long as there are any members of the class entitled thereto. (*Swift & Co.* v. *Industrial Com.* 309 Ill. 11.) Here, the application for compensation was filed by the widow, individually, and as next friend and mother of the children. The award was made to her for her own benefit and for the support of the minors. None of the dependents sought allocation of the payments of compensation and no useful purpose would have been served by prorating the award to each dependent.

The contention that each child's *pro rata* part of the weekly payments of $14.66 should be made only to a guardian is not well taken. The proviso to the first part of section 7 (g) specifically authorizes the commission or an arbitrator, in its or his discretion, to direct the payment of the award to which a dependent child is entitled to be paid to the parent or grandparent of a child for his support. It is further provided that the order or award may be modified from time to time by the commission with respect to the person to whom shall be paid the amount of the award remaining unpaid at the time of the modification. If the commission should subsequently modify the award by designating some person other than the mother as a guardian or next friend to receive the remaining unpaid portion of the award for the use and benefit of the children, apportionment would then be required. Had the legislature intended to provide that compensation, in all cases, should be paid only to a legally appointed guardian in the first instance appropriate language to accomplish that purpose would undoubtedly have been incorporated in the law. The arbitrator and the commission were warranted, in the exercise of the discretion vested in them by section 7 (g) of the statute, to direct payment of the entire award to the mother for the benefit of herself and the minor children. Neither apportionment of the award nor the appointment of a guardian was mandatory. The rights of the minors have been adequately safeguarded and the requirements of sec-

tion 7 (g) satisfied. Payment of the award will, of course, discharge the employer from further liability as to such compensation.

*Waechter* v. *Industrial Com.* 367 Ill. 256, does not aid the employer. There, the widow and one child, Edward Waechter, seventeen years of age, were dependent on the deceased employee at the time of his injury and death. Although both signed the claim for compensation, the commission awarded compensation to the widow, only, upon a finding that she was the sole beneficiary. Compensation payments were made to her until her re-marriage. Subsequently, the dependent son, by his mother and next friend, Mathilda Waechter Albrecht, filed his petition with the Industrial Commission seeking modification of its decision to the end that compensation payments accruing after his mother's re-marriage be ordered paid to him, conformably to the provisions of section 7 (g). Since the original award was erroneous and did violence to the rights of the minor son, who was not represented at any stage of the proceeding by a guardian or next friend, it was not *res judicata* as against his rights and the commission could, accordingly, modify its award in his favor. The dependent son's application for modification of the award in the *Waechter case* was signed by his mother and next friend. Similarly, the claim for compensation in the present case was made by the widow for herself and for her children as their next friend and mother. The award was properly made to her for her own benefit and for the support of her children, whom she represented as next friend.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*