(No. 4346— )

CORINE W. ARNOLD, WIDOW, ET AL, Claimant, vs. STATE OF
ILLINOIS, Respondent.

*Opinion filed March 20, 1953.*

No appearance for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General.

LANSDEN, J.

On February 9, 1951, an award in favor of claimant, Corinne W. Arnold, widow of Clarence C. W. Arnold, deceased, was entered in the sum of $6,675.00. *Arnold* vs. *State*, 20 C.C.R. 229.

At the time of said award there was one child of decedent, Barbara Corinne Arnold, who became 18 years of age on December 4, 1952. The widow of the deceased was alone entitled to $6,000.00, but, by reason of the existence of the one child under the age of 18 years, the award was fixed at $6,675.00.

On March 2, 1953, respondent filed a motion to modify the award, because of the fact that the one child had reached the age of 18 years.

Following our opinion in *Corcoran* vs. *State*, 19 C.C.R. 159, we computed the modification of the award as follows:

At the time Barbara Corinne Arnold became 18 years of age $2,613.21 had already been paid on said award. These payments amount to .39149% of the total award of $6,675.00; .39149% of the $675.00 attributable to the one child amounts to $246.26; $264.26 subtracted from $675.00 equals $410.74. The balance of the award remaining unpaid subsequent to December 12, 1952 amounts to $4,061.79, from which should be subtracted the sum of $410.74, leaving a balance of the award to be paid in the sum of $3,651.05.

The award heretofore entered in this case is, therefore, modified, and said sum of $3,651.05 shall be paid at the rate of $22.50 per week for a period of 162 weeks, plus one final payment of $6.05.

The Court is informed that the Department of Finance has continued payments of the original award subsequent to the date of December 12, 1952, but the continuation of such payments has not prejudiced the State, and was the proper thing to do all things considered.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. This opinion is not to be construed as eliminating Barbara Corinne Arnold forever from a possibility of participation in the award. In the event of the death or remarriage of her mother, Barbara Corinne Arnold would be entitled to the unpaid balance of the award. *Waechter* vs. *Ind. Com.*, 367 Ill. 256; *Swift & Co.* vs. *Ind. Com.*, 288 Ill. 132; *Beckemeyer Coal Co.* vs. *Ind. Com.*, 370 Ill. 113; *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 11. The rights of Barbara Corinne Arnold

were fixed prior to her reaching the age of 18, and her rights can never be extinguished as long as any amount remains unpaid under this award as modified.