463

(No. 4091— )

BERTHA MILLIE WEAVER, WIDOW, ET AL, Claimant, *vs.* STATE
OF ILLINOIS, Respondent.

*Opinion filed September 25, 1953.*

JOSEPH M. WILLIAMSON, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On November 9, 1948, an award in favor of Bertha
Millie Weaver, widow, and Eugene F. Weaver, a minor,
was entered in the sum of $5,785.00, which case was
reported in 18 C.C.R., page 72. Jurisdiction was specif-
ically reserved by the Court for the entry of such further
orders as might be necessary.

The award, among other matters, found that Eu-
gene F. Weaver was a minor child of the decedent, Lee
C. Weaver, being born on September 27, 1934. The
widow, Bertha Millie Weaver, was found to be entitled
to the sum of $5,200.00, and, by reason of the existence
of a minor child, the award was increased to the amount
of $5,785.00.

On August 13, 1953, respondent filed a motion to
modify the award because of the fact that Eugene F.
Weaver had attained the age of eighteen on September
27, 1952, and in its motion also alleged that the said
child was physically and mentally competent.

In compliance with our opinion in *Corcoran* vs.
*State*, 19 C.C.R. 159, we, therefore, compute the modi-
fication of the award as follows:

As of September 26, 1952, $4,407.00 should have
become due and payable to claimant, which represents

76.18% of the total award. Since the child has now become eighteen years of age, the balance of the award made to claimant must be reduced by the remaining percentage of the award made for the benefit of the child, or 23.82% of $585.00, or $139.35.

At the present time, the records in the Finance Department reflect a balance, due and payable to claimant, of $676.00, which must be reduced by $139.35, or $536.65. The latter amount is to be paid to claimant in 27 weekly installments of $19.50, beginning on June 12, 1953, with one final payment of $10.15.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. This opinion is not to be construed as eliminating Eugene F. Weaver forever from a possibility of participating in the award. In the event of the death or remarriage of his mother, Eugene F. Weaver would be entitled to the unpaid balance of the award. *Waechter* vs. *Ind. Com.*, 387 Ill. 256; *Swift & Co.* vs. *Ind. Com.*, 288 Ill. 132; *Beckemeyer Coal Co.* vs. *Ind. Com.*, 370 Ill. 113; *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 11. The rights of Eugene F. Weaver were fixed prior to his reaching the age of eighteen, and his rights can never be extinguished as long as any amount remains unpaid under this award, as modified.