(No. 4438- )

GRACE R. SITTER, WIDOW, ET AL, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1953.*

WARNER AND WARNER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On January 8, 1952, an award in favor of Grace R. Sitter, widow, and Shirley Ann Sitter, a minor, was entered in the sum of $6,675.00. This case has not as yet been published in the Court of Claims Reports. Jurisdiction was specifically reserved by the Court for the entry of such further orders as might be necessary.

The award, among other matters, found that Shirley Ann Sitter was a minor child of the decedent, Bon Sitter, being born on January 10, 1935. The widow, Grace R. Sitter, was found to be entitled to the sum of $6,000.00, and, by reason of the existence of a minor child, the award was increased to the amount of $6,675.00.

On August 13, 1953, respondent filed a motion to modify the award because of the fact that Shirley Ann Sitter had attained the age of eighteen on January 10, 1953, and in its motion also alleged that the said child was physically and mentally competent.

In compliance with our opinion in *Corcoran* vs. *State*, 19 C.C.R. 159, we, therefore, compute the modification of the award as follows:

As of January 9, 1953, $2,089.29 of the original award had become due and payable to claimant. These payments amount to 31.3% of the total award of $6,675.00. Since the minor child has now become eighteen years of age, the balance of the original award must be reduced by the remaining percentage of the award made for the benefit of the child. 68.7% of the minor's award amounts to $463.72. The balance of the original award at the present time amounts to $4,486.07, which must now be reduced by $463.72, leaving a new balance of $4,022.35.

The award, heretofore entered, is, therefore, modified, and the sum of $4,022.35 shall be paid to claimant at the rate of $22.50 per week for 178 weeks as of February 11, 1953, with one final payment of $17.35.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. This opinion is not to be construed as eliminating Shirley Ann Sitter forever from a possibility of participating in the award. In the event of the death or remarriage of her mother, Shirley Ann Sitter would be entitled to the unpaid balance of the award. *Waechter* vs. *Ind. Com.*, 387 Ill. 256; *Swift & Co.* vs. *Ind. Com.*, 288 Ill. 132; *Beckemeyer Coal Co.* vs. *Ind. Com.*, 370 Ill. 113; *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 11. The rights of Shirley Ann Sitter were fixed prior to her reaching the age of eighteen, and her rights can never be extinguished as long as any amount remains unpaid under this award, as modified.