(No. 4346-)

Corinne W. Arnold, Widow of Clarence C. W. Arnold, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 11, 1954.*

Tilley, Humphrey, Tiedemann and Hilgendorf, and John P. Derning, Attorneys for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Tolson, C. J.

On February 9, 1951, an award in favor of claimant, Corinne W. Arnold, widow of Clarence C. W. Arnold, deceased, was entered in the sum of $6,675.00. *Arnold* vs. *State*, 20 C.C.R. 229.

At the time of said award, there was one child of decedent, Barbara C. Arnold, who became 18 years of age on December 4, 1952. The widow of the decedent was alone entitled to $6,000.00, but, by reason of the existence of the one child under the age of 18 years, the award was fixed at $6,675.00.

On March 2, 1953, respondent filed a motion to modify the award, because of the fact that the one child had reached the age of 18 years.

Following our opinion in *Corcoran* vs. *State*, 19 C.C.R. 159, we computed the modification of the award as follows:

At the time Barbara C. Arnold became 18 years of age $2,613.21 had already been paid on said award. These payments amounted to .39149% of the total award of $6,675.00; .39149% of the $675.00 attributable to the one child amounts to $264.26; $264.26 subtracted from $675.00 equals $410.74. The balance of the award remaining unpaid, subsequent to December 12, 1952, amounts to $4,061.79, from which should be subtracted the sum of $410.74, leaving a balance of the award to be paid in the sum of $3,651.05.

The award heretofore entered in this case was, therefore, modified, and said sum of $3,651.05 was ordered paid to Corinne W. Arnold at the rate of $22.50 per week for a period of 162 weeks, plus one final payment of $6.05.

The modification of award, filed on March 20, 1953, contained the following statement:

"All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. This opinion is not to be construed as eliminating Barbara C. Arnold forever from a possibility of participation in the award. In the event of the death or remarriage of her mother, Barbara C. Arnold would be entitled to the unpaid balance of the award. *Waechter* vs. *Ind. Com.*, 367 Ill. 256; *Swift & Co.* vs. *Ind. Com.*, 288 Ill. 132; *Beckemeyer Coal Co. vs. Ind. Com.*, 370 Ill. 113; *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 11. The rights of Barbara C. Arnold were fixed prior to her reaching the age of 18, and her rights can never be extinguished as long as any amount remains unpaid under this award as modified."

On August 1, 1953, Mrs. Arnold remarried, and, upon receipt of this information, the Department of Finance discontinued payments to her. As of September 11, 1953, there remained unexpended the sum of $2,773.55, from the said award. On January 26, 1954, a petition was filed in this Court requesting that the balance of the fund, due and unpaid under the terms

of the original order, be paid to Barbara C. Arnold, the minor child at the original proceedings, and, who now is more than 18 years of age.

There do not appear to be any cases under the Workmen's Compensation Act, which have answered this precise question.

In the case of *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 140, the balance of the award was ordered paid to the child of the decedent where the widow died prior to the exhaustion of the fund. The only distinction between the cases is the fact of the death of the widow in the Swift Case, and the remarriage of the widow in the instant case.

In *Illinois Workmen's Compensation*, by Thomas C. Angerstein, under Section 1294, at page 154, the writer, in construing the case of *Swift & Co.* vs. *Ind. Com.*, stated the following:

"A similar situation would exist in case of a widow who remarried and there was such a child or children left surviving. Where there is an award or right to compensation in case of a widow as the sole beneficiary and she remarries, then such award or right to compensation terminates with the remarriage. Where, however, there is also a child or children surviving whom the deceased was under legal obligation to support at the time of the accidental injury which resulted in his death, and following an award to the widow for the support of herself and such child or children the widow remarried, then any remainder of such award, at the time of such remarriage, and which would have been payable but for such remarriage, would upon petition and order of the Commission be made payable to such surviving child or children."

In view of the specific reservation contained in the modification of award heretofore entered in this cause, the Court finds that Barbara C. Arnold is entitled to the unpaid balance.

An award is, therefore, made to Barbara C. Arnold in the amount of $2,773.55, payable at the rate of $22.50 per week for 123 weeks, with a final payment of $6.05.