9

(No. 4368-)

FLOSSIE V. HENSON, WIDOW, ET AL, Claimant, *vs.*
STATE OF ILLINOIS, Respondent.

*Opinion filed May 27, 1954.*

FLOSSIE V. HENSON, Widow, Et Al, Claimant, pro se.

LATHAM CASTLE, Attorney General; C. ARTHUR
NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On March 9, 1951, an award in favor of Flossie V.
Henson, widow, and Franklin Dean Henson, a minor,
was entered in the sum of $6,675.00. The opinion in this
case appears on page 256 of Volume No. 20 of the Court
of Claims Reports. Jurisdiction was specifically reserved
by the Court for the entry of such further orders as
might be necessary.

The award, among other matters, found that Frank-
lin Dean Henson was a minor child of the decedent,
Robert Walter Henson, being born on June 10, 1933.
The widow, Flossie V. Henson, was found to be entitled
to the sum of $6,000.00, and, by reason of the existence
of a minor child, the award was increased to the amount
of $6,675.00.

On April 12, 1954, respondent filed a motion to
modify the award, because of the fact that Franklin
Dean Henson had attained the age of eighteen on June
10, 1951, and in its motion also alleged that the said
child was physically and mentally competent.

In compliance with our opinion in *Corcoran* vs. *State,*
19 C.C.R. 159, we, therefore, compute the modification of
the award as follows:

As of June 9, 1951, $880.71 of the original award had become due and payable to claimant. These payments amount to 13.194% of the total award of $6,675.00. Since the minor child has now become eighteen years of age, the balance of the original award must be reduced by the remaining percentage of the award made for the benefit of the child. 86.806% of the minor's award amounts to $585.94. The balance of the original award at the present time is $2,602.50, which must now be reduced by $585.94, leaving a new balance of $2,016.56.

The award, heretofore entered, is, therefore, modified, and the sum of $2,016.56 shall be paid to claimant at the rate of $22.50 per week for 89 weeks, with one final payment of $14.06.

All future payments being subject to the terms and conditions of the Workmen's Compensation Act, jurisdiction of this case is specifically reserved for the entry of such further orders as may from time to time be necessary. This opinion is not to be construed as eliminating Franklin Dean Henson forever from a possibility of participating in the award. In the event of the death or remarriage of his mother, Franklin Dean Henson would be entitled to the unpaid balance of the award. *Waechter* vs. *Ind. Com.*, 387 Ill. 256; *Swift & Co.* vs. *Ind. Com.*, 288 Ill. 132; *Beckemeyer Coal Co.* vs. *Ind. Com.*, 370 Ill. 113; *Swift & Co.* vs. *Ind. Com.*, 309 Ill. 11. The rights of Franklin Dean Henson were fixed prior to his reaching the age of eighteen, and his rights can never be extinguished as long as any amount remains unpaid under this award, as modified.