Stanley STANCZYK, Jr., a minor, by Stanley Stanczyk, Sr., his father and next friend, Plaintiff-Appellant,

v.

William E. KEEFE, Defendant-Appellee.

No. 16041.

United States Court of Appeals Seventh Circuit.

July 18, 1967.

Philip E. Howard, David A. Decker, Chicago, Ill., for appellant.

Herbert L. Caplan, Chicago, Ill., for appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed, as barred by limitations, this diversity "next friend" suit seeking damages for an injured minor and for his parents' resulting medical expenses, claims for which had been assigned to the minor. Plaintiff has appealed. We reverse as to the claim of damages for the minor's injury, and affirm as to his claim as assignee of his parents.

The minor was injured when struck by defendant's automobile in June, 1951. He was then four years old and was seventeen years old when this suit was filed September 3, 1964. He claimed damages for his injuries and, as assignee of his parents, for recovery of amounts expended and to be expended for his injuries as well as for loss of his services. Defendant answered December 1, 1964, and, among other things, neither admitted nor denied that the suit was timely within the Illinois statutes of limitations.

On April 11, 1966, defendant moved to dismiss on the ground of laches by prejudicial and inexcusable thirteen year delay in bringing suit and failure of plaintiff to appear for a noticed deposition after delaying for sixteen months. The same day the suit was ordered dismissed "with prejudice." Plaintiff on April 21 moved to vacate the order. On June 24 it was ordered that the dismissal order "will stand," but on July 1 a similar motion was allowed and the cause reinstated. On August 3, 1966, defendant moved to dismiss.[1] On November 22, 1966, the motion was sustained. Judgment of dismissal against plaintiff followed.

A transcript of the district court's oral opinion on ruling on the motion is before us. The court was of the view that the two-year limitation on personal injury actions, Ill.Rev.Stat. ch. 83, § 15 (1965), applied here to bar suit because the father, as next friend, could not take advantage of the saving section which permits a minor, if the right accrued during minority, to bring suit within two years after reaching majority. Ill.Rev. Stat. ch. 83, § 22 (1965).

■■ The court's judgment is erroneous as to the minor's claim. He could not sue in his own name during his minority, Hoare v. Harris, 11 Ill. 24, 25 (1849), but, although the real party in interest, was required to bring suit by his next friend. Skaggs v. Industrial Comm., 371 Ill. 535, 21 N.E.2d 731, 734 (1939); Waechter v. Industrial Comm., 367 Ill. 256, 11 N.E.2d 378 (1937). Under Illinois law the minor's right of action lives until two years after he attains his majority, and he may assert it at any time during that period. In re Sheehan's Estate, 290 Ill.App. 551, 9 N.E.2d 63 (1937); see Desiron v. Peloza, 308 Ill.App. 582, 32 N.E.2d 316 (1941).

■ We think the court properly dismissed the suit so far as it was based on the claims of the parents, purportedly assigned to the minor. The claims of the parents were subject to the five year limitation on actions contained in Ill. Rev.Stat., ch. 83, § 16 (1965), and were barred at the time of the assignments. The assignments are therefore a nullity and the claims of the parents cannot be protected under Section 22 which is in-

---

[1.] Briefs were filed for and against the motion to dismiss but plaintiff's brief was limited to Ill.Rev.Stat. ch. 83, § 22 (1965)

in protection of the minor's claim for personal injuries.

tended to effectuate the Illinois policy of protecting rights of minors. Blanford v. Connery, 16 Ill.App.2d 544, 148 N.E.2d 824 (1958); In re Sheehan's Estate, supra.

 The judgment is affirmed as to the claims of the parents allegedly assigned to the minor, and the judgment is reversed and remanded as to the suit for the minor's injuries.