KARNY, Respondent, vs. NORTHWESTERN MALLEABLE IRON
COMPANY, Appellant.

*March 3—March 23, 1915.*

*Workmen's Compensation Act: When employee not subject thereto:
Decision of industrial commission: Appeal: Master and servant:
Injury: Defenses: Assumption of risk: Negligence.*

1. Where an employer has elected to come under the Workmen's
Compensation Act, but an employee has not, the employer is en-
titled, under sec. 2394—1, Stats., in an action for injuries sus-
tained by such employee, to the common-law defenses of assump-
tion of risk, negligence of fellow-servant, and contributory
negligence; and the employer does not waive the right to such
defenses by objecting to the employee having the benefit· of said
act.

[2. Whether an employee who was in the service of the employer
when the latter elected to come under the Compensation Act,
and who was injured within thirty days thereafter without hav-
ing himself elected to be subject to the act, is entitled to relief
thereunder, is not decided.]

3. A decision of the industrial commission that an injured employee
was not an employee under the Compensation Act is binding
upon him if he fails to appeal therefrom.

4. While plaintiff and six fellow-servants were moving a machine
weighing about 760 pounds, those on the same side with him
prematurely let go their hold, causing the machine to drop and
injure him. Upon evidence showing, among other things, that
the foreman was not present, that plaintiff and his associates
were familiar with the operation and knew what was required,
and that they could have obtained additional help if they had
wished, it. is *held* that there was no actionable negligence on the
part of the defendant employer and that plaintiff assumed the
risk.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Reversed.*

Action to recover for a personal injury.

Plaintiff was injured June 5, 1913, while performing his
duty as an employee of defendant. He had more than five
co-employees. Negligence in respect to safety of his employ-

ment and place of employment was relied on, but that came down, substantially, on the trial to whether, under the circumstances, a sufficient number of men were employed to do the particular work. Such work consisted of moving a machine, weighing about 760 pounds, for a distance of some two feet horizontally and then lowering it a short distance into an excavation. The operation had been previously performed by as few as four men. Sometimes seven men and sometimes eight men participated in the work. Just before the particular movement eight men participated but on the last occasion there were but seven. It required passing an iron bar through an open space in the machine so as to protrude on either side a sufficient distance for four men on each side to take hold of it and carry the burden forward and lower it down into the excavation. When the accident occurred the foreman was not present. It was customary, in doing such work, for men to be called from their customary labor. On the particular occasion the men could have demanded additional help or procured such had they seen fit. They were familiar with the operation. Plaintiff and two others were at the bar on one side and four men on the other. When they had moved the machine forward and lowered it nearly to its place, plaintiff's immediate associates prematurely let go their hold on the bar, thus causing the entire weight on that side to be borne by plaintiff. Consequently the machine was caused to suddenly drop into the hole and the bar to strike and injure him.

Less than thirty days before the accident defendant duly accepted the provisions of the Workmen's Compensation Act. Plaintiff failed to indicate whether he elected to be subject thereto. After the injury he applied for relief thereunder and was met by objection on the part of defendant. The commission decided in favor of the latter. This action was then commenced. At the close of the evidence counsel for defendant requested a directed verdict for failure of evidence

to show actionable negligence and, further, because whatever
risk plaintiff was subjected to he voluntarily assumed and the
immediate fault producing his injury was that of his co-
employees.   The motion was denied.

The cause was submitted to the jury, resulting in findings
to the effect that plaintiff's place of employment was not up-
to the statutory standard of safety and that defendant failed
to furnish sufficient men to do the work and that such faults
proximately caused the injury, damaging plaintiff to the ex-
tent of $3,000.

For the appellant there were briefs by *Robert R. Freeman,*
attorney, and *Henry J. Bendinger* and *Timothy Brown,* of
counsel, and oral argument by *Mr. Freeman.*

For the respondent there was a brief by *Rubin, Fawcett &
Dutcher,* attorneys, and *W. B. Rubin* and *Paul R. Newcomb,*
of counsel, and oral argument by *Mr. Rubin, Mr. Newcomb,*
and *Mr. Fred A. Smith.*

There was also a brief by *I. A. Fish,* as *amicus curiæ.*

MARSHALL, J.   As indicated in the statement, prior to the
time respondent was injured, appellant duly elected to come
under the Workmen's Compensation Act, but its employee
had not.   So by the plain language thereof defendant was
entitled to its common-law defenses of assumption of the risk,
negligence of a fellow-servant, and contributory negligence.
The policy of the law is to preserve such defenses to an em-
ployer who shall elect to come under the act, respecting an
employee who does not, as a constitutional method of coercing
both parties to accept the benefits and burdens of the new
system in place of those of the old one.

We agree with counsel that the statutory status of appel-
lant when the injury occurred is very plain.   This language
conveys no ambiguous meaning: In case of injury as in the
particular instance, "It shall not be a defense that the em-
ployee either expressly or impliedly assumed the risk" and,

in case of there being four or more employees in the common service, "that the injury or death was caused in whole or in part by the want of ordinary care of a fellow-servant" but "any employer who has elected to pay compensation" under the Workmen's Compensation Act "shall not be subject to the provisions of this" section 2394—1. Appellant was clearly, within that saving clause.

It is suggested that appellant waived the statutory preservation of its common-law defenses by objecting to respondent having the benefit of the Workmen's Compensation Act. That does not appear to have merit. Respondent made his own place, as regards rights and remedies, by failure to elect to come under the special statute and failing to appeal from the decision of the commission. Whether that decision is right we do not express any opinion. It is binding on respondent, since he did not appeal therefrom.

Decisions to which we are referred made respecting situations where the employer had not elected to come under the Workmen's Compensation Act, such as *Koepp v. Nat. E. & S. Co.* 151 Wis. 302, 139 N. W. 179, and *Kosidowski v. Milwaukee,* 152 Wis. 223, 139 N. W. 187, have no application. In the circumstances of those cases, certain common-law defenses were taken away, while in the particular situation they were preserved.

The trial court, as we have seen, clearly erred in failing to appreciate appellant's true status. Therefore, the verdict of the jury counts for little. The whole situation was well known to respondent. He knew as much about it as appellant did. At the particular time the foreman was not even present. The crew proceeded to do the work as they did when they could easily have obtained another man had they desired one. They knew what was required as well as any one. Certainly 760 pounds for seven men to handle was not very heavy work. On the contrary, it may well be that there were too many men; that they were in each other's way, resulting in

respondent's immediate associates prematurely letting go their holds.  The machine was nearly in place when that occurred. It looks as if it was their negligence which caused the mischief.  On the whole, we are unable to see any evidence of actionable negligence on the part of appellant or why such risk as existed was not assumed by respondent.  Therefore, the judgment must be reversed, and the cause remanded with directions to dismiss the complaint, with costs.

*By the Court.*—So ordered.