(No. 23744.— )

MARY JANE TRIGG, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE COUNTY OF KANE *et al.* Defendants in Error.)

*Opinion filed December 10, 1936.*

Robert J. Wing, and Arthur L. Puklin, for plaintiff in error.

Wendell H. Shanner, (Charles V. Laughlin, of counsel,) for defendants in error.

Mr. Chief Justice Herrick delivered the opinion of the court:

The issue here is whether the Industrial Commission in a proceeding where the commission has found that the widow was the sole dependent at the time of the injury to and death of the workman and has ordered the award paid to her for her use, has jurisdiction, upon her re-marriage, to review the finding as to the dependency and order the balance of the compensation paid to a child of the deceased who was a minor at the time of her father's injury and death.

On September 30, 1932, Osborne Trigg, while in the employ of the county of Kane, suffered an accidental injury arising out of and in the course of his employment. He died as the result of such injury. He left surviving him his widow, Amy G. Trigg, and his daughter, Mary Jane Trigg. She became eighteen years of age on December 24, 1932. On March 4, 1933, a petition for an award was filed with the Industrial Commission (hereinafter called the commission). In the title of the application both the widow and daughter were named as petitioners but the widow alone signed the application. The petition stated, "the deceased left him surviving a widow, Amy G. Trigg, and a child, Mary Jane Trigg, * * * whom he was under legal obligation to support." On May 19, 1933, the arbitrator made his order allowing compensation in the sum of $15 per week for 266 weeks and

one week at $10. The order stated, among other things, "that the injuries sustained caused the death of said Osborne Trigg, who left him surviving his widow, Amy G. Trigg, sole dependent whom he was under legal obligation to support at the time of his injury and death. This award shall be paid to the said Amy G. Trigg for the use and benefit of herself. This award is subject to the further order of this commission." The respondent took the record to the commission, where, on January 18, 1934, it was affirmed. Its action was later confirmed by the circuit court of Kane county. Amy G. Trigg re-married February 11, 1934. Installments due to that date had been paid her. On March 22, 1935, Mary Jane Trigg filed her petition with the commission asking that the balance of the award which would have been paid to Amy G. Trigg but for her re-marriage be paid to the petitioner. The commission denied the petition. Its action was approved by the circuit court of Kane county. The petitioner brings the cause here on writ of error.

The petitioner's attacks upon the correctness of the holding of the trial court may be grouped as follows: (1) Subdivision (*g*) of section 7 of the Workmen's Compensation act (State Bar Stat. 1935, chap. 48, p. 1593,) permits a subsequent order by the commission modifying an award with reference to the person to whom it may be paid, and (2) the arbitrator by his order reserved jurisdiction in the commission, and thereby it had jurisdiction to modify or alter the order whenever it saw fit.

The petitioner urges that she was not a party to the original proceeding instituted before the commission. The record shows that she was of age and mentally competent at the time of the hearing before the arbitrator. She testified as a witness on behalf of her mother and was represented at that hearing by her attorney. She was named as a petitioner in the pleading filed, and although she did not sign it, yet this was notice to the respondents and the com-

mission that she was making a claim for compensation. No formal proceedings are required in an application for adjustment of compensation. The petitioner was a party to the proceeding as completely as though she had subscribed her name to the petition for the allowance of compensation. *Benton Coal Mining Co.* v. *Industrial Com.* 321 Ill. 208; *Turner* v. *Jenkins,* 79 id. 228.

One of the issues necessarily presented to the arbitrator was what person or persons constituted the dependents of the deceased as his next of kin. The arbitrator made a finding that the widow was the sole dependent. That finding was approved by the commission and later by the judgment of the circuit court having jurisdiction of the cause. By the terms of subdivision (a) of section 7 of the Workmen's Compensation act the award to the widow abated upon her re-marriage.

The findings of the commission are in a sense akin to judicial proceedings. (*Nega* v. *Chicago Railways Co.* 317 Ill. 482.) *Lewin Metals Corp.* v. *Industrial Com.* 360 Ill. 371, presented a case where the employee made his application for compensation. The arbitrator found the applicant's disability was not the result of an accident which arose out of and in the course of his employment. No attempt was made by the applicant to review that finding. It therefore, under the statute, became the finding of the Industrial Commission. Later the employee died. His widow filed an application for compensation, asserting that her husband received an injury in the course of and arising out of his employment which caused his death. The injury alleged was the same purported injury which had been the basis of the claim made by decedent in his lifetime. That proceeding involved the construction of subdivision (*j*) of section 19 of the act. We there held that the decision of the commission was final and conclusive and could not later be reviewed by it upon the widow's petition. Cases from other jurisdictions which hold that the

doctrine of *res adjudicata* applies to the awards of industrial commissions the same as to judgments at law are: *Chicago, Rock Island and Pacific Railroad Co.* v. *Schendel,* 270 U. S. 611, 70 L. ed. 757; *Kalinick* v. *Collins Co.* 116 Conn. 1, 163 Atl. 460; *Pruitte* v. *Ocean Accident and Guarantee Corp.* (Tex.) 40 S. W. (2d) 254, 58 S. W. (2d) 41; *Karny* v. *Northwestern Malleable Iron Co.* 160 Wis. 316, 151 N. W. 786; *Hurst* v. *Independent Const. Co.* 136 Kan. 583, 16 Pac. (2d) 540; *United States Fidelity and Guaranty Co.* v. *Industrial Com.* 42 Ariz. 422, 26 Pac. (2d) 1012; *Reinhart & Donovan* v. *Dean,* 16 Pac. (2d) (Okla.) 85.

It is urged, however, by the petitioner, that the finding of the Industrial Commission is not *res adjudicata.* This contention is based upon two major premises: (1) That section 7-(*g*) vests a continuing jurisdiction of the cause in the commission; and (2) that by the terms of the order of the arbitrator and commission jurisdiction of the case was reserved to the commission to make such further orders therein as it might deem proper.

The first paragraph of section 7-(*g*) (State Bar Stat. 1935, chap. 48, p. 1593,) that is pertinent here is as follows: "The compensation to be paid for injury which results in death, as provided in this section, shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the injury on the earnings of the deceased: *Provided,* that the Industrial Commission or an arbitrator thereof may, in its or his discretion, order or award the payment to the parent or grandparent of a child for the latter's support the amount of compensation which but for such order or award would have been paid to such child as its share of the compensation payable, which order or award may be modified from time to time by the com-

mission in its discretion with respect to the person to whom shall be paid the amount of said order or award remaining unpaid at the time of said modification."

The petitioner contends that the purpose of the proviso in sub-section (g) is to grant a continuing jurisdiction over an award so as to meet future conditions that might arise after the entry of an award by the re-marriage of the widow or death of any person or persons to whom the award made the compensation payable. If we grant such is its purpose, that construction would not meet the situation here. In the case at bar there was a determination (1) that the deceased left a widow as his sole dependent, and (2) that the award allowed should be paid to her for the use and benefit of herself. As we view sub-section (g), in order to be of assistance to the petitioner here there must have been (a) a finding that she was a child of the deceased, dependent upon his earnings for support, and (b) an order directing the award, or a portion thereof, to be paid for her use and benefit. In the situation presented by sub-section (g) where the proper findings have been made and an allowance ordered to the minor child, the commission might, in its discretion, direct the child's share paid to a parent or grandparent for the use and benefit of the child to whom compensation had been awarded. The commission likewise might subsequently, at its discretion, modify the award by designating some other person to whom the remaining unpaid portion of the award shall be paid for the use and benefit of the child. The statute contemplates that the award shall be made to each member of the class entitled to compensation benefits and that the sum shall be apportioned among those so entitled. In the present case, Mary Jane Trigg, the child, does not fall within subdivision (a) of section 7 for the reason that no award was ever made to her. She never acquired any right to compensation benefits under the order of the commission. On the contrary, the legal effect of the order

was that she was not entitled to receive any compensation benefits.

Petitioner relies upon *Swift & Co.* v. *Industrial Com.* 309 Ill. 11, as sustaining her interpretation of section 7-(*g*). In the *Swift & Co. case* the order of the commission found that the deceased employee left surviving him his widow and a minor daughter, Inez M. Dempsey, seventeen years old, "both of whom were totally dependent on him for support." The award directed the compensation to be paid to the widow "for the support of herself and the child." Thereafter the widow died. The respondent in that case refused to pay any further compensation under that award. The child filed her petition asking that the balance of the award unpaid and to accrue since her mother's death be paid her. This court held that upon the death of the widow, to whom compensation for the death of her husband was being paid for the benefit of herself and the minor child, paragraph (*g*) of section 7 conferred jurisdiction upon the commission to modify the award and to order the balance of the compensation paid to the child. We are in complete harmony with the decision in that case, but the facts therein are so clearly distinguishable from the one here that the case is not helpful in deciding the issues before us. Here there was no finding that there was a dependent child of the deceased but the finding was to the contrary. The order here directed the compensation to be paid to the widow "for the use and benefit of herself." Section 7-(*g*) does not apply to the case at bar.

The commission is an administrative body created by legislative enactment for the purpose of administering the Workmen's Compensation act. It is not a court and has no inherent powers of a court. It is a non-judicial body. It can only make such orders as are within the powers granted to it by the General Assembly. There are no intendments in favor of its jurisdiction. To permit a general reservation of a cause after an order determining

those who constitute the dependents of the deceased at the time of his death, fixing the award and directing payment to a named dependent for her sole support, would be judicial legislation by judgment. There would be no place in the course of the litigation where and when it could be definitely known that it had ended. (*United Fruit Co.* v. *Pillsbury*, 55 Fed. (2d) 369.) There is marked difference in reserving for future decision a matter which has not been determined but remains open for future adjudication, and a general order purporting to reserve judisdiction over a cause when an order has been entered covering and adjudicating all matters in issue. In the first instance the undetermined matters may be adjudicated at a later time. In the second instance there is no power to re-litigate or review the matters already decided by that order nor later to vacate or modify such order.

The petitioner cites a number of cases from foreign jurisdictions in support of her contention that the commission had the power to reserve jurisdiction over the cause and had the authority to modify its order at a future time. It would serve no useful purpose to review those decisions. An examination thereof discloses they are of three classes: (*a*) Where express authority was given the Industrial Commission by an act to reserve jurisdiction, so that it had continuing jurisdiction and could modify, vacate or re-open its orders at any time; (*b*) the facts were so different from the record here that the cases cited were not persuasive as tending to support the petitioner's view here; or (*c*) those where there was a non-adjudication upon certain issues, which were held in abeyance for later decision.

The petitioner's application for re-adjustment of the compensation benefits appeals to our sense of equity, but the commission, under the existing statute, was without jurisdiction to re-open its former order, which determined the widow the sole dependent, awarded compensation and

directed that it be paid to her for her own use and benefit. The order of May 19, 1933, was *res adjudicata.*

All other grounds urged as error have been fully considered and decided insufficient to justify a reversal of the order.

The order of the circuit court of Kane county was in accordance with the law and is affirmed.

*Order affirmed.*