INDEPENDENT OIL & GAS CO. et al. v. MOONEY et al.

No. 29259.   May 7, 1940.

Rehearing Denied June 25, 1940.

*103 P. 2d 557.*

Don Emery, Rayburn L. Foster, and George L. Sneed, Jr., all of Bartlesville, R. G. McKinney and E. L. Routh, of counsel, both of Bartlesville, for petitioners.

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 3rd day of June, 1924, there was filed with the State Industrial Commission employee's first notice of injury and claim for compensation in which it was stated that respondent, while engaged in hazardous employment with the Independent Oil & Gas Company as a roustabout, sustained an accidental injury on May 17, 1924, when he was seriously burned. On November 14, 1924, there was filed a report and final receipt executed by the employer and insurance carrier on the one hand and the respondent on the other hand. This receipt, among other things, acknowledged payment of $90. Nothing further was done until October 26, 1937, when the respondent filed a motion to reopen the cause for the purpose of determining the extent of permanent disability. The Independent Oil & Gas Company and the Phillips Petroleum Company on November 5, 1937, filed a joint motion attacking the jurisdiction of the State Industrial Commission to proceed further.

Following hearings conducted by the State Industrial Commission, an award was entered against the Independent Oil & Gas Company and its insurance carrier and the Phillips Petroleum Company under date of May 8, 1939, finding that as a result of accidental injury of June 3, 1924, respondent has a 24 per cent. loss of the use of the right leg and 12 per cent. loss of the use of the left leg. An award for 90 weeks at the rate of $15.39 per week was entered. It is the latter award petitioners seek to review.

At the commencement of the proceeding following the filing of the motion to determine the extent of disability, the following stipulation was entered into:

"It is stipulated and agreed by and between the claimant and the respondents as follows:

"A subpoena has been issued by the inspector for the State Industrial Commission to R. F. Hamilton, an employee of Phillips Petroleum Company, commanding him to appear on the 25th day of May, 1938, before the State Industrial Commission at Bartlesville, Okla., in the county courthouse in Washington county, Okla., to testify in the above case on the part of the claimant, and to bring with him all records, documents, papers, contracts or otherwise pertaining to the transfer of the Independent Oil & Gas Company's properties to the Phillips Petroleum Company. In lieu of the appearance of the said R. F. Hamilton and the production of the records named in said subpoena, it is agreed that the said R. F. Hamilton, if called as a witness and sworn to testify, would say the following, subject to the objection of the respondent Phillips Petroleum Company to the relevancy and materiality of said testimony:

"That under date of August 28, 1930, the Independent Oil & Gas Company, a Delaware corporation, entered into an agreement with Phillips Petroleum Company, a Delaware corporation, which, among other things, provided: 'That subject to all of the liabilities, contingent or otherwise, of Independent, including expenses of liquidation, all of the assets of Independent shall be taken over and merged into the assets of Phillips, in consideration of the delivery by Phillips to Independent of 1,025,170 shares of the common capital stock of Phillips.'

"That said contract was the first and preliminary one and a later contract was entered into, providing in greater detail for the purchase by Phillips Petroleum Company of the assets of Independent Oil & Gas Company, which, however, did not substantially change the above-quoted provision, which last-mentioned contract has been misplaced and which the said R. F. Hamilton has been unable to locate in the limited time allowed by the subpoena, and that said contract was carried out and all of the properties of Independent Oil & Gas Company were purchased by and transferred to Phillips Petroleum Company, effective on the 1st day of October, 1930.

"It is understood and agreed that the respondent Phillips Petroleum Company objects to the relevancy and materiality of the facts above related and challenges the jurisdiction of the State Industrial Commission to determine the lia-

bility of Phillips Petroleum Company for the obligations of Independent Oil & Gas Company, and that this stipulation shall not in any way prejudice or affect the right of the said respondent Phillips Petroleum Company to assert the want of jurisdiction of the State Industrial Commission to determine and adjudge the liability of Phillips Petroleum Company for the obligations of Independent Oil & Gas Company, particularly the purported liability asserted in this proceeding; and further that this stipulation shall have only the same weight and effect as if the above-stated facts were related by the said R. F. Hamilton under oath over the objection and protest of the respondent Phillips Petroleum Company on the grounds that said testimony is incompetent, irrelevant, and immaterial."

It is first urged that the State Industrial Commission erred in entering an award against the petitioner Phillips Petroleum Company. With this contention we agree. The State Industrial Commission is an administrative body, authorized and empowered to consider an injury arising out of and in the course of the employment as between the employer and the employee. It has no power to consider and construe contractual rights between the employer or the insurance carrier of the employer and third parties. Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okla. 187, 221 P. 470; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217; R. S. Smith Const. Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091; Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846; Trigg v. State Industrial Commission (Ill.) 5 N. E. 2d 394.

While the above authorities are persuasive they are not directly in point. No case has been cited which is directly in point. The question involved is, Does the State Industrial Commission have jurisdiction to determine the liability as between an injured employee and a third party who is neither the employer nor the insurance carrier? As pointed out in Union Indemnity Co. v. Saling, supra, there are certain powers conferred upon the State Industrial Commission by necessary implication. Among these is the

authority to determine the liability of an insurance carrier of the employer. But since the above authorities hold that the State Industrial Commission does not have jurisdiction to determine the liability of one neither an employer nor an insurance carrier, we think the same principle applies here. In Honnold, Workmen's Compensation Law, page 745, section 209, it is stated:

"A proceeding under a Compensation Act is neither an action upon contract nor one of tort, but rather what the statute creating it makes it; that is, a proceeding to enforce a statutory duty or obligation arising out of the relations of the parties, the basis of which is a contract express or implied."

A consideration of the question of the contractual relationship between the Independent Oil & Gas Company and Phillips Petroleum Company would not be an administration of a statutory duty or obligation by the State Industrial Commission. We therefore hold that the State Industrial Commission is without jurisdiction to construe the contractual relationship of the Independent Oil & Gas Company and the Phillips Petroleum Company and impose any liability arising therefrom.

If the Phillips Petroleum Company became liable to the Independent Oil & Gas Company under any contract or process of law, that liability can only be determined in a court having proper jurisdiction. It cannot be determined by the State Industrial Commission. Scruggs Bros. & Bill Garage v. State Industrial Commission, supra; R. S. Smith Const. Co. v. Newcomb, supra.

It is next contended that the $90 paid respondent was in full settlement for all disability, permanent and otherwise, and that after the approval of the final receipt on November 14, 1924, the State Industrial Commission was without jurisdiction to further consider any disability arising from the injury. Assuming that the report and receipt were approved, it was not an adjudication of permanent disability unless the record so shows. Where the record is in such condition that it is impossible to tell

whether a former approval of a settlement was for temporary disability or permanent disability, the State Industrial Commission is authorized to hear and determine that issue; and if the former settlement was for temporary disability, the State Industrial Commission is authorized to make a further award for permanent disability, and whether the former settlement was for temporary disability or permanent disability is a question of fact for the determination of the State Industrial Commission. McCawley v. Crane, 184 Okla. 64, 85 P. 2d 423; Croxton & Bucklin v. Buchanan, 170 Okla. 170, 39 P. 2d 91. There is competent evidence to sustain the finding of the State Industrial Commission that the prior award was for temporary disability.

The third and last proposition urged in the cross-petition in error filed by respondent is that the State Industrial Commission erred in computing an award on the basis of $15.39 per week. That the receipt of settlement established the daily wage at $4 is uncontested, and we are of the opinion that the authorities cited by respondent are not in point, and we hold that where the undisputed evidence discloses that the average daily wage is $4 and it is admitted, as it is by the respondent in the case at bar, that the correct rate of computation based on such daily wage is $15.39, then the finding by the State Industrial Commission that the weekly compensation should be $15.39 will not be disturbed.

The award against the Phillips Petroleum Company is vacated. The award against the Independent Oil & Gas Company and its insurance carrier is sustained.

Award vacated in part and sustained in part.

BAYLESS, C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur.