## A. & M. BAKING CO. et al. v. SHANNON et al.

No. 34188.   June 6, 1950.

*219 P. 2d 209.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioners.

James M. Springer, Jr., of Stillwater, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is an original proceeding brought by A. & M. Baking Company and its insurance carrier, State Insurance Fund, to review the award made to claimant, Bobby Joe Shannon. The award is for 50 weeks for permanent partial disability under the "other cases" provision of 85 O.S. 1941 §22, at the maximum rate of $21 per week. The cause and extent of his disability is not an issue. The sole question presented is that the State Industrial Commission erred as a matter of law in not fixing the rate of compensation at $6 per week, instead of the maximum $21.

Cited and relied upon is 85 O.S. 1941 §22, subdivision 5, as amended by Session Laws of 1945, page 415, which provides:

"The compensation payments under the provisions of this Act shall not exceed the sum of Twenty-one ($21.00) Dollars per week, or be less than Ten ($10.00) Dollars per week; provided, however, that if the employee's wages at the time of the injury are less than Ten ($10.00) Dollars per week, he shall receive his full weekly wages; provided, further, that the compensation received as provided under subdivision four (4) of this Section shall not, when added to the wages received by such employee after such injury, amount to a greater sum than his average weekly wages received prior to said injury."

Petitioners contend that it was the duty of the State Industrial Commission to determine the rate of compensation under 85 O. S. 1941 §21, subdivision 1, and since the evidence discloses without conflict that the claimant was to work but one day a week at $6 for that week, his weekly wage at $6 must be and is the rate of compensation. In view of the record, that contention cannot be sustained. It is evident that subdivision 1 of 85 O. S. 1941 §21 cannot be fairly and reasonably applied for the reason that claimant had not worked in the employment in which he was working at the time of the accident during substantially the whole of the year immediately preceding his injury. That is a prerequisite for the application of subdivision 1 of said section 21. We deem it unnecessary to discuss whether the rate of compensation should have been determined under subdivision 2, or subdivision 3, of said section 21, for the reason that under the record the wages and rate of compensation had been fixed by stipulation of the parties. Now the only question upon which it was necessary to take evidence was the extent of disability. Evidence was taken on that question and the finding of the commission with reference thereto is not questioned in this proceeding. The record shows on the 5th day of February, 1948, the claimant filed his

first notice of injury and claim for compensation in which the average daily wage is given as $5. The employer filed the first notice of injury in which appears the following:

"Piece or time worker? time Wages or average earnings per day? 75c per hr."

On March 22, 1949, a stipulation and receipt, known as Form 7, was filed, which stipulation and receipt was signed by the claimant, the State Insurance Fund by Mont R. Powell, its attorney, and the A. & M. Baking Company, the employer. Therein the average daily wage is given as $6. This stipulation and receipt acknowledged payment of $14 for four days' disability. There is an order approving this stipulation and agreement of settlement, which order provides for the further determination of permanent disability, if any. When the matter came on for hearing before the trial commissioner at Stillwater, Oklahoma, the following record was made:

"The Court: Sole issue permanent disability? Mr. Duepree: That's right. The Court: Sole issue permanent disability. All right."

Then follows the testimony of the claimant and that of the two medical experts going to the extent of permanent partial disability.

Where an employer files his first notice of injury in which he states that the average earnings of the injured employee was a given sum, in this case 75c per hour, and the employee thereafter joins in a stipulation known as Form 7 in settlement of temporary total disability, which stipulation and receipt is also signed by the claimant and by the insurance carrier, wherein the average daily wage is given or stated as $6 and the rate of weekly compensation is given as $21, and where the record shows that such stipulation and receipt has been approved by the State Industrial Commission, and is further acquiesced in during final trial by the additional stipulation that the only issue is the question of permanent disability, then all the parties, the claimant, the employer and the insurance carrier, are, in the absence of a disavowal of said stipulation, bound thereby, though the evidence shows that claimant worked only one day a week and received $6 therefor. Furthermore, there was no pleading which in any manner questioned the item of wages as the basis of amount of compensation. In Independent Oil and Gas Co. et al. v. Mooney et al., 187 Okla. 472, 103 P. 2d 557, it is said:

"That the receipt of settlement established the daily wage at $4 is uncontested, and we are of the opinion that the authorities cited by respondent are not in point, and we hold that where the undisputed evidence discloses that the average daily wage is $4 and it is admitted, as it is by the respondent in the case at bar, that the correct rate of computation based on such daily wage is $15.39, then the finding by the State Industrial Commission that the weekly compensation should be $15.39 will not be disturbed."

In R. S. Smith Construction Co. v. Newcomb, 181 Okla. 5, 71 P. 2d 1091, it is held:

"Where both the employer and employee file reports with the State Industrial Commission containing a statement of the average daily wage, and the employer does not deny such wage, or offer any evidence of daily wage in controversy thereof, an award based upon such daily wage will not be disturbed."

Under the record the finding of the State Industrial Commission that claimant's wages were sufficient to fix his rate of compensation at $21 per week should be sustained.

Award sustained.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. GIBSON, J., dissents.