TPIORNAL, Justice.
By a petition for a writ of certiorari we are requested to review an order of the Florida Industrial Commission affirming a workmen’s compensation order entered by a deputy commissioner.
Our conclusion turns on the effect to be given to a prior order of respondent commission when considered in the light of subsequent action which was taken by the deputy following an earlier remand pursuant to such order.
Petitioner Wurwarg suffered an industrial injury while employed by respondent Lighthouse Restaurant. On July 31, 1959, after extensive hearings, the deputy commissioner entered an order fixing the extent of both functional disability and reduced earning capacity. His left hand, his knee and his back were injured. By this first order the deputy found that the claimant reached maximum medical improvement on November 9, 1957, which was the date fixed as the terminal point of temporary total disability. This first order was submitted to the full commission for review on application of the employer who objected to the findings regarding the extent of disability, as well as on the cross-application for review filed by the claimant who contended that he was permanently and totally disabled. On February 19, 1960, the full commission entered its order of remand, vacating the original order of the deputy. In its first opinion the full commission was of the view that since the deputy had found the presence of both scheduled and unscheduled injuries he should reconsider his findings and submit a conclusion based on the injury which had produced the greatest percentage of disability. In this first order the full commission likewise held that the record contained no evidence to support the conclusion of the deputy that the claimant’s back injury had reached maximum medical improvement on November 9, 1957. For the sake of clarity, the pertinent provision of the full commission order is quoted verbatim, as follows:
“It is further noted that the Deputy Commissioner has made a finding that claimant reached maximum medical improvement to his back on November 9, 1957. The only evidence in the record is testimony by one Dr. Holmes, that claimant had not reached maximum medical improvement of the back at the time of his examination of the claimant on April 8, 1959, and testimony of Dr. Russin, that claimant’s back had healed when he examined claimant on March 8, 1959; however, Dr. Russin does not state when claimant reached maximum medical recovery, with reference to his back.” (Emphasis added.)
The order thereupon remanded the case to the deputy commissioner “for further proceedings in light of the views herein-above expressed, with specific authority to conduct further proceedings and take further testimony as he deems necessary.”
Thereafter on November 1, 1960, the deputy commissioner entered another order without taking further testimony and on the same identical record. By this subsequent order the deputy revised his findings regarding disability and awarded compensation entirely on the basis of diminution of earning capacity. However, he again found that the date of maximum medical improvement of the back injury was November 9, 1957, despite the prior finding-of the full commission that there was no- *471 evidence in the record to support this conclusion. Thereafter, the matter was again submitted for review by the full commission which on February 13, 1961, affirmed the second order of the deputy with a conclusion that it was supported by competent, substantial evidence. It is this last order of the full commission which is now submitted for review.
The claimant here contends that in its first order the full commission specifically held that there was no evidence in the record to support the deputy’s conclusion to the effect that maximum medical improvement of the back had been achieved on November 9, 1957. On the other hand, by that order the full commission concluded that the only evidence on this phase of the problem was the testimony of one doctor, to the effect that the claimant had not reached maximum medical improvement of the back when this doctor examined him as late as April 8, 1959. The claimant asserts that when the matter was remanded to the deputy he was bound by this finding of the full commission. He contends that the deputy should have revised his own order to accord with the holding of the full commission or in the alternative, he should have taken further testimony in order to justify a different conclusion.
We have held that orders of the Florida Industrial Commission are quasi judicial in nature and in the absence of some statutory exception they are governed by the same rules regarding res judicata or estop-pel as are applicable to the judgments or decrees of courts. Power v. Joseph G. Moretti, Inc., Fla., 1960, 120 So.2d 443; Plymouth Citrus Products Co-Op. v. Williamson, Fla., 1954, 71 So.2d 162; Trigg v. Industrial Commission, 364 Ill. 581, 5 N.E.2d 394, 108 A.L.R. 153; 100 C.J.S. Workmen’s Compensation page 982, Section 655 et seq.; 58 Am.Jur., Workmen’s Compensation, page 886, Section 493.
Similarly, we have the view that a holding of the Industrial Commission with reference to an aspect of a particular case under review, in effect becomes the law of that case and governs its subsequent disposition when subjected to further consideration at the trial level. This is a limited application of the broader doctrine of res judicata and may be invoked by a party in regard to any legal question actually considered and decided on a previous appeal.
We have mentioned possible statutory exceptions. An illustration of such an exception would be the power'granted to the respondent commission to modify previously entered compensation orders when done in accordance with the provisions of Section 440.28, Florida Statutes, F.S.A. Power v. Joseph G. Moretti, Inc., supra.
The claimant here asserts that the record presented to us, which in actuality is the record presented to the respondent commission at both of its review hearings, is totally lacking in any evidence to support the conclusion that the claimant experienced maximum medical improvement of his back condition on November 9, 1957. To support the argument, the petitioner again reviews in detail the record and submits also the conclusion of the respondent commission which was included in its first order on review.
The position of the petitioner is doubly correct in that this record clearly fails to present any evidence to sustain the conclusion that the injury to the petitioner’s back reached maximum improvement on November 9, 1957, as found by the deputy and for the additional reason that the respondent commission so-held in its first order. This holding became a part of the law of this matter at subsequent hearings and was binding unless the deputy commissioner exercised the authority to take further testimony and thereby buttress his original conclusion. As pointed out above, the second order of the deputy was entered on the same record which he had before him in entering the first order which the full commission held to be erroneous.
*472 We, therefore, find that the order of the respondent commission now submitted for review deviates from the essential requirements of the law in the particulars herein-above discussed. The order of the full commission entered February 13, 1961, is hereby vacated and set aside. The cause is remanded to the full commission for entry of an order consistent herewith. Such order shall vacate the order of the deputy commissioner entered November 1, 1960, insofar as it fixes the date of maximum medical improvement of claimant’s back and shall return the cause to the deputy with authority to conduct further proceedings and take such further testimony as he deems necessary.
It is so ordered.
THOMAS, C. J., and ROBERTS, DREW and O’CONNELL, JJ., concur.