ERVIN, Justice.
The Claimant, Jean Guy Genereux, suffered a compensable injury on February 16, 1965. At the hearing on the claim before the Deputy Commissioner the evidence as to Claimant’s disability was un-controverted. It developed Claimant had suffered a prior back injury in November, 1962 from which he never fully recovered. However, he was able to return to gainful employment, working part-time as a parking lot attendant and part-time running cars from the parking lot to a hotel. While so working at a salary of $72 per week, he sustained the subject industrial accident. After several months’ examinations and treatment for the injury resulting from the accident, his condition improved and he was discharged with a 15 to 20 per cent functional impairment of the whole body.
The Deputy’s order found: Claimant reached maximum medical improvement on October 9, 1965; he has a permanent partial disability of 20 per cent of the body as a whole, of which 15 per cent pre-existed from a prior industrial injury; that employer had knowledge of this pre-existing condition; that benefits to Claimant are in excess of the minimum requirement of F.S. Section 440.49(4) (f), F.S.A., and the increase of 5 per cent disability was responsible for the loss of earning capacity; that the award of 20 per cent disability' arose because prior to the industrial accident he was able to do “car running” in parking cars at hotels, but thereafter he was unable to “run cars” and the major loss of earning capacity is due to his second injury.
The full Commission did not agree with the factual findings of the Deputy. It held the employer liable only for the effects of the 5 per cent functional impairment, stating:
“On remand * * * the deputy commissioner should take into consideration the prior functional disability * * *. It seems clear to us that the only disability for which the present employer is responsible is the 5 per cent functional disability attributable to the second accident * * * >f
We have determined the Deputy’s order should be vacated because it is not supported by evidence of Claimant’s loss in the form of wage earning capacity attributable to the 20 per cent partial disability. A new determination should be made in this respect.
We also disagree with the conclusion of the full Commission that the employer-carrier is responsible only for the 5 per cent functional disability attributable to the second accident, since such conclusion is not in accord with the principles announced in Stephens v. Winn-Dixie Stores, Inc., Fla., 201 So.2d 731 (1967).
In Stephens we noted that in every case involving successive injuries there must be an express finding of apportionment. As applied to the present case, on remand the Judge of Industrial Claims should make explicit findings as to what percentage, if any, of Claimant’s permanent disability existing after the second injury was manifesting itself in the form of a loss of wage earning capacity at the time of the second injury and at the time of the award. In this respect, the record finding of 15 per cent functional disability attributable to Claimant’s pre-existing condition is not, by itself, competent substantial evidence for concluding that a similar percentage reflects Claimant’s disability in loss of wage earning capacity manifesting itself at the time of the second injury and at the time of award. Neither should the full Commission have suggested that apportionment could be predicated on findings of functional disability, as opposed to disability in the form of a loss of wage earning capacity attributable to Claimant’s pre-existing condition.
Pursuant to the above formula of apportionment, if the Judge of Industrial *3 Claims determines that no portion of Claimant’s total disability is apportionable, Claimant is entitled to an award for full compensation. On the other hand, if the Judge of Industrial Claims finds that a portion of Claimant’s disability is appor-tionable, the next step ordinarily would entail a determination of whether the Special Disability Fund is applicable as a source of benefits to Claimant. However, in the present case the express > finding in the Deputy’s original order that the employer had knowledge of Claimant’s pre-existing condition resolves the latter question in favor of the Claimant. Therefore, on remand of this cause, the Claimant is entitled to full compensation for whatever disability is found to exist after the second injury. Depending on the express findings of apportionment, the employer-carrier may be entitled to reimbursement for a part of the compensation paid to the Claimant.
In the light of the foregoing considerations, the conclusion of the full Commission that the employer is responsible only for the S per cent functional disability attributable to the second accident is misleading and should not be adhered to in the disposition of this case on remand.
The order of the full Commission is also vacated and the proceedings remanded with direction that the parties be afforded opportunity in an appropriate hearing before the Judge of Industrial Claims to submit testimony anew on the question of Claimant’s disability in the form of a loss of wage earning capacity and also in regard to the subject of the successive injuries of Claimant and the benefits resulting in accordance with the Stephens case as hereinbefore discussed.
It is so ordered.
THOMAS, ROBERTS, DREW and THORNAL, JJ., concur.
CALDWELL, C. J., and ADAMS, J., dissent.