220 So.2d 372 (1969)
Leslie M. STEELE, Petitioner, Cross-Respondent,
v.
PENDARVIS CHEVROLET, INC., Florida Automobile Dealers Self-Insurers' Fund, and the Florida Industrial Commission, Respondents, Cross-Petitioners.
No. 37634.
Supreme Court of Florida.
March 19, 1969.
*373 Eugene W. Harris, of Peterson, Peterson & Harris, Lakeland, for petitioner, cross-respondent.
William M. Wieland of Wieland & Miller, Orlando, for respondents, cross-petitioners.
Patrick H. Mears and J. Franklin Garner, Tallahassee, for Flordia Industrial Commission, respondent.
THORNAL, Justice.
We review by petition for certiorari an order of the Florida Industrial Commission reversing a compensation order of a judge of industrial claims because of an asserted failure to follow the "law of the case."
We must decide whether the Full Commission properly applied the "law of the case" rule and, also, a related problem as to the necessity for an apportionment.
Petitioner Steele, as an employee of respondent Pendarvis, sustained a compensable injury to his low back on October 12, 1964. On April 18, 1966, two days after his retirement from the service of respondent, Steele claimed he suffered another lumbosacral sprain.
From 1958, until the accident on October 12, 1964, petitioner was employed by the same employer and suffered several occurrences of lumbosacral strains. From the record of the first hearing held on July 29, 1966, it appears that the claimant did not suffer any loss of wage earning capacity until the October 12, 1964, injury. The testimony of a Dr. Lipinski, the treating orthopedic surgeon, showed that the April 18, 1966, accident was merely an exacerbation of symptoms of the October 12, 1964, injury. Dr. Lipinski found the claimant had a degenerative disc disease prior to the 1964 accident, but that up until 1964, the disc disease was asymptomatic. That is to say, there was no subjective evidence of the disease. On August 23, 1966, Industrial Judge Whitmore issued his first order. He found that the incident of April 18, 1966, was a mere exacerbation of symptoms and that the claimant's present need for medical care was causally related to the October 12, 1964, accident. The Judge further stated in his order that:
"As for any apportionment between the October 12, 1964 accident and any previous back difficulty the claimant may have sustained, I find that this also should not be apportioned, since in each instance prior to the October 12, 1964 accident, claimant was able and did return to his regular occupation with the employer with no apparent difficulty." [This order predated our opinions in Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla. 1967), and Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla. 1967).]
At the time of the first hearing, petitioner had not had corrective surgery. He had not yet reached maximum, medical improvement *374 from the accident of October 12, 1964.
On March 23, 1967, the Full Commission entered an Order affirming the Judge's finding that the incident of April 18, 1966, was an exacerbation of symptoms. However, it reversed the Judge's finding that no apportionment was proper. The Full Commission stated:
"We think that it was error for the deputy commissioner not to apportion his award of compensation benefits * * the same is hereby remanded to him with directions to make a determination as to the degree of aggravation reasonably attributable to the claimant's industrial accident of October 12, 1964, and apportion his award of compensation benefits in light of the holding in Evans v. FIC and Davis Grove Service, Case No. 34,535, opinion filed February 1, 1967." [By the time the Full Commission entered its order we had decided Evans, supra, on February 1, 1967, and Stephens, supra, on January 25, 1967.]
On May 18, 1967, the employer-carrier sought certiorari in this Court claiming that the Full Commission erred in affirming the Judge's finding that the incident of April 18, 1966, was a mere exacerbation of symptoms. The Full Commission's reversal of the Judge on apportionment was not mentioned in the petition to this Court. However, in his brief the claimant said:
"In the light of the case of Evans v. Florida Industrial Commission, Florida, 1967, 196 So.2d 748, we are agreeable to the matter being returned to the Deputy on this point. We point out that we do not necessarily concede that apportionment is proper under the peculiar facts of this case and under the holding of the Evans decision, but we feel that in all fairness, the matter should be reconsidered."
This Court denied the employer's petition for certiorari without oral argument, 200 So.2d 531.
On remand, Industrial Judge Whitmore conducted further hearings on September 7, 1967, to re-examine his first order in the light of the then recent decisions of Evans v. F.I.C., supra, and Stephens v. Winn-Dixie Stores, Inc., supra. He undertook for the first time to determine when the claimant reached maximum, medical improvement and what compensation benefits the claimant deserved. By his testimony the claimant repeated that though he had a series of back traumas up to 1964, his ability to earn wages remained unaffected until the lumbosacral strain of October 12, 1964. Since 1964 petitioner has been unable to work for any sustained amount of time. For the first time Dr. Dockery, an employment counselor, testified that a person who is 65 years old with claimant's physical limitations would be totally unemployable in the open labor market. Dr. Lipinski testified that since the first hearing he had successfully operated on the claimant, performing a laminectomy at the L4 and L5 level. Dr. Lipinski found April 17, 1967, to be the date claimant reached maximum, medical improvement, and he rated claimant with a 40% functional disability. The doctor also testified that he had been treating claimant since his first back troubles in 1958 and that he had notified the respondent-employer of claimant's pre-existing degenerative disc disease several times since 1958. The doctor found that 20% of the claimant's 40% functional disability was due to the pre-existing degenerative disc disease. He found that the remaining 20% functional disability was mostly due to the more recent October 12, 1964, lumbosacral sprain and exacerbation symptoms. The doctor stated that he felt that "this man would have a great deal of difficulty finding employment at the trade he has had." The doctor's deposition for the hearing on remand concluded with the following:
"Q. Doctor, prior to Mr. Steele's accident of October 1964, of course he had had several other accidents, two in 1963 I believe and one in 1959 or 1960. Did *375 you feel that prior to this accident now in 1964 that his degenerative disk disease and the traumas that he has had to his back would likely be a hindrance or obstacle to employment if he were out seeking employment on the open labor market?

"A. Yes, I do. Were he to give a factual history and have someone examine him, or were I to examine him as an independent examiner, yes, I would feel that it would.
"Q. And this was also the case then in October of 1964 when he had his last accident?
"A. Yes, sir.
"Q. Doctor, would you feel that the permanent physical impairment that this man had prior to October 13 or 14, 1964, when he sustained the industrial accident we are discussing here, and adding to it the industrial accident, do you feel that this caused greater,  caused it to merge and cause greater physical impairment materially and substantially greater than that which would have resulted from a subsequent injury or disc disease alone?

"A. Yes." (emphasis added)
At the beginning of the hearing on remand counsel for the employer-carrier practically conceded that there was no need for apportionment when he stated for the record:
"I think frankly an apportionment is indicated in the case, but I think it does not all lie behind the October accident. This is our position that that being the case under the evidence that will be presented to you, it falls clearly and squarely within the holding in Stephens case, while it would be normally apportionable after that case as far as claim is concerned, it is not apportionable. Now, that gets, I believe carrier directly into Second Injury Fund, but I think the evidence is pretty clear that absent the Stevens Holding and the second injury fund, there would be apportionment in the case, but with that case, I think not." (emphasis added)
Having received this new testimony, Judge Whitmore entered his second Order on September 28, 1967. It holds that claimant is permanently, totally disabled from the October 12, 1964, industrial accident and the April 18, 1966, exacerbation. The judge accepted Dr. Lipinski's opinion that claimant has a 40% functional disability of which 20%
"was caused directly by the several industrial accidents and the aggravation and acceleration that these accidents caused on the Claimant's underlying degenerative disc disease. That the remaining twenty (20) percent of the claimant's functional disability rating is attributed to the normal progress of the disease which occurred prior to October 12, 1964, and the remaining degeneration and condition of the Claimant's lumbar spine."
In this order the judge further held:
"From the evidence presented, I find that the normal progress of the Claimant's underlying degenerative disc disease for the period following October 12, 1964, to the present does not contribute any part of the Claimant's present disability. I further find that the Claimant has sustained twenty (20) percent functional disability of the body as a whole as a direct result of the aggravation and acceleration of the Claimant's underlying degenerative disc disease.
"I further find that the Claimant has an additional twenty (20) percent functional disability of the body as a whole as a result of the remaining degeneration present in the Claimant's lumbar spine and the normal progress of said disease occurring from the time of the first accident of 1958, up to October 12, 1964. I further find that said underlying condition was a permanent physical impairment; that it was a hinderence to the Claimant's employment, that the accident he sustained while employed by the Employer *376 herein merged with and caused greater disability than would have occurred absent the underling condition or disease, and that the Employer knew of said underlying condition or disease prior to the accident of October 12, 1964. I, therefore, find that apportionment of benefits should not be made in this claim because of the application of the general law of apportionment and further because of the specific application of the provisions of the Special Disability Fund, as interpreted by the Supreme Court of the State of Florida."
Reasonable attorney's fees were set at $6,500.00.
On review the Full Commission unanimously reversed and remanded because the Judge of Industrial Claims had failed to follow its apportionment ruling in its first Order rendered March 23, 1967. The Full Commission said the Judge should have apportioned claimant's award because of the "law of the case" doctrine found in Hodges v. State Road Department, 171 So.2d 523 (Fla. 1965), and Wurwarg v. Lighthouse Restaurant, 131 So.2d 469 (Fla. 1961).
From this reversal, claimant petitions and employer-carrier cross-petitions this Court for a writ of certiorari to the Florida Industrial Commission.
The petitioner employee contends, (1) that the "law of the case" doctrine was erroneously applied by the Full Commission, and, (2) that the judge's refusal to apportion was sustained by the law and the evidence.
The employer-carrier, by cross-petition, contends, (1) that the evidence does not support the finding of permanent, total disability, and, (2) that the attorney's fee also was not supported by the evidence.
We agree with claimant that the Full Commission erroneously applied the "law of the case" doctrine. When the matter went back to the Industrial Judge with authority to take further testimony which developed new issues, the initial pronouncement by the Commission regarding apportionment was not necessarily binding. When a subsequent hearing or trial develops different facts and different issues, the "law of the case" doctrine will not preclude a conclusion at variance with the initially adjudicated result. Furlong v. Leybourne, 171 So.2d 1 (Fla. 1964). The Full Commission here relied on Wurwarg v. Lighthouse Restaurant, 131 So.2d 469 (Fla. 1961). There, the second order of the deputy was entered on the same record that had constituted the basis of the Full Commission's prior order. We held that "the law of the case" doctrine governed "unless the deputy commissioner exercised the authority to take further testimony and thereby buttress his original conclusion." In the case now here, the deputy did precisely that.
The Industrial Judge did have competent and substantial evidentiary support for his finding that apportionment was not applicable. The record clearly established that the employer knew of the pre-existing degenerative disc disease. Dr. Lipinski so testified, and at the opening of the second hearing counsel for the employer-carrier practically admitted it. The employer must pay permanent, total disability to the claimant and look to the Special Disability Fund for that portion of the loss of wage earning capacity which is attributable to the pre-existing disease. Evans v. Florida Industrial Commission, supra; Genereux v. Caribbean Concessions, Inc., 211 So.2d 1 (Fla. 1968).
Similarly, the Judge's finding that the claimant is now permanently, totally disabled is adequately supported by competent, substantial evidence. Dr. Lipinski, Dr. Dockery and the claimant all submitted testimony to this effect.
The issue of the amount of attorney's fees was raised in the petition for review filed with the Full Commission. That body failed to pass on the point. Actually, the Judge fixed the amount of *377 the fee without supporting evidence and in the absence of a stipulation agreeing to the exact amount. The matter should be returned to the Industrial Judge to fix a fee in accord with the rule of our opinion in Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla. 1968).
The order of the Full Commission regarding "the law of the case" is quashed and this cause is remanded to the Commission for further proceedings consistent with this opinion.
It is so ordered.
ERVIN, C.J., DREW and CALDWELL (Retired), JJ., and TAYLOR, Circuit Judge, concur.