ERVIN, Justice.
Petitioner-claimant, Urbano San Juan, employed by the Castaways Motel, sustained two injuries in his employment; the first on October 29, 1968 and the second on April 5, 1969.
As to the first accident, the treating physician, Dr. Tobis, found claimant reached maximum medical improvement on April 2, 1969. He found claimant had sustained a herniated disc and a 20 per cent permanent partial disability of the body as a whole. The employer voluntarily accepted Dr. Tobis’ 20 per cent permanent partial disability rating for the first injury and commenced payments effective April 2, 1969, for 70 weeks. Claimant returned to work with employer on April 4, 1969.
After the second injury, an acute cervical sprain, claimant returned to Dr. Tobis for treatment and was treated by him until June 2, 1969, at which time claimant reached maximum medical improvement.
For the second injury, on discharge June 2, 1969, the doctor found claimant had sustained a 25 per cent permanent partial disability of the body; that as a result of the second injury claimant suffered an additional 5 per cent permanent partial disability that merged with the 20 per cent physical impairment from the first accident to cause claimant a 25 per cent permanent physical impairment.
After hearing below in this matter, the Judge of Industrial Claims agreed to the findings of Dr. Tobis and stated as a finding of fact that employer had knowledge of claimant’s first injury and his resultant disability when claimant returned to work with employer just prior to his second injury. He awarded claimant compensation benefits for a 25 per cent permanent partial disability of the body as a whole, beginning on June 2, 1969, but provided that the employer be given credit for all permanent partial disability payments voluntarily made tip to that date. The Industrial Relations Commission affirmed.
The issue presented by petitioner-claimant in this review is: Did the Judge of Industrial Claims err in awarding the employer credit for permanent partial disability payments made to claimant from April 2, 1969 to June 2, 1969, the compensation being part of a 20 per cent compensation rating voluntarily assumed by the employer because of the first accident, the credit to be applied against the award of 25 per cent permanent partial disability compensation due to claimant as a result of a second injury which merged with the first injury?
Our answer to the question is that we find the Judge of Industrial Claims erred. In Stephens v. Winn-Dixie Stores, Inc., Fla., 201 So.2d 731, we referred to F.S. Section 440.49(4) (c), F.S.A., and related it to our decision in Sharer v. Hotel Corp. of America, Fla., 144 So.2d 813.
Then we said in Stephens concerning a successive injuries compensation case that where the first injury and resulting disability of employee were known to the employer the employee should not be limited to receiving compensation for the result of the second injury standing alone, otherwise the very purpose of the Special Disability Fund to encourage re-employment of the handicapped employee and to reimburse the employer-carrier for any “excess” compensation would be disannulled.
Had the claimant’s second injury been at a time distant from the time when the 20 per cent payments of compensation on the first injury were voluntarily paid in full by employer, there is little question but that employer due to the merger of the successive injuries would provide the subsequent 25 per cent permanent partial disability compensation payments without expecting credit thereon for the former payments made and would look to the Special Disability Fund for any reimbursement of “excess” due to the first injury. Merely because the claimant’s successive injuries were so close together that all payments on the first injury were not completed before the second injury occurred does not justify *468 crediting the voluntary original payments as directed by the Judge of Industrial Claims.
There is no legal basis for in effect apportioning out of claimant’s second injury compensation award, payments already made on the first injury award due to merger. Compare Genereux v. Caribbean Concessions, Fla., 211 So.2d 1. Nor is any different legal, principle applicable because claimant was employed during the time of his injuries by the same employer rather than by different employers. The claimant’s last employer, whether only one or a second, during claimant’s successive injuries who has prior knowledge of claimant’s original disability may look to the Special Disability Fund for reimbursement as provided by F.S. Section 440.49, F.S.A.
The claimant in this case is entitled to 25 per cent permanent partial disability payments from the time awarded, June 2, 1969, but no more because the 25 per cent was awarded on the basis of the increased disability caused by both injuries, i. e., the aggravation of the first injury by the second injury and the merger with it. Once payments are commenced on the second or merged injury, no further payments are required to be made on the first injury; but no credits are to be given on second injury payments because of payments already made on the first injury before second injury payments commenced.
The contention of Respondents that claimant without deduction of credit for first injury payments will receive a 45 per cent rating is without merit. He received only 5 per cent more compensation on the merged disability from June 2, 1969.
For the reasons stated, the employer-carrier is not entitled to any credits for amounts already voluntarily paid on the basis óf 20 per cent permanent partial disability for the first injury up to June 2, 1969, on which payments were commenced April 2, 1969.
Attorney fees for claimant should be determined by taking into consideration, among other things, the 25 per cent rating without deduction.
The Judge of Industrial Claims found claimant’s physical impairment is greater than his diminution of wage earning capacity. Note F.S. Section 440.15(3) (u), F.S.A.
The amendment at the 1970 legislative session of F.S. Section 440.15(5) (c), F.S.A., is inapplicable to this case since the successive injuries of claimant occurred prior to the time of the amendment.
The decision of the Industrial Relations Commission is quashed with direction that on remand further proceedings be in accord herewith.
It is so ordered.
CARLTON, McCAIN and DEKLE, JJ., concur.
ROBERTS, C. J., dissents.