THOMPSON, Judge.
The appellants challenge a workers’ compensation Order, contending that upon an earlier remand from the Industrial Relations Commission (“the IRC”), the Deputy Commissioner (“the Deputy”) has entered a new Order which fails to comply with the IRC’s instructions. We agree and reverse.
In 1977, the claimant sustained a compen-sable back injury. At that time, he also suffered from a pre-existing back condition, in addition to a partial paralysis to his right side which had resulted from an earlier episode of typhoid fever. One orthopedic surgeon testified that the claimant experienced a 10% permanent partial disability (“PPD”) due to his work-related injury. Another orthopedic surgeon reported that the claimant experienced a -20% PPD, with one-half of this rating attributable to his pre-existing back condition.
In 1978, the Deputy entered an Order, finding in part that the claimant’s industri *44 al accident resulted in a 30% PPD. The Deputy also found a merger between the claimant’s typhoid paralysis and his back injury, resulting in a 45% PPD. The Deputy assigned a 75% PPD in toto.
On appeal, the IRC, in Lakeland Ford Co., Inc. v. Harrelson, IRC Order 2-3885 (Aug. 10, 1979), ruled that the Deputy’s finding of a 30% PPD based on the claimant’s back problems was not supported by the evidence, and the cause was “reversed and remanded ... for clarification or reconsideration.” The IRC also ruled that there was no showing of merger and as such, a finding of “merger [was] improper. The order [was] accordingly reversed as to this point.” On remand, the Deputy entered another Order, finding a condition of merger and assigning a 75% PPD rating.
The Deputy has completely failed to follow the IRC’s mandate. Nowhere in his Order does he address the issue of total anatomical impairment resulting from the claimant’s back problems, nor did he explain his previous finding in this regard. Moreover, the Deputy improperly assigned another 75% PPD rating based on another finding of merger.
The IRC clearly held that there was no showing of merger, and the Deputy’s earlier Order was reversed as to this point. This holding became the law of the case and governed its subsequent disposition. Wurwarg v. Lighthouse Restaurant, 131 So.2d 469, 471 (Fla.1961). Also, the IRC did not remand on this point — it simply reversed. Thus, the Deputy had no authority to reconsider this point and enter an Order beyond the scope of the IRC’s limited remand. See Rayfield v. Wometco Enterprises, Inc., 386 So.2d 885 (Fla. 1st DCA 1980).
Additionally, after carefully reviewing the record herein, we conclude, as did the IRC, that the Deputy’s finding of merger must be reversed. There is no competent substantial evidence to justify either a finding of merger or a PPD rating greater than 10%. Accordingly, the Deputy’s Order is reversed and this cause is remanded with instructions that the Deputy shall enter a new Order, finding that the claimant has a 10% anatomical PPD as a result of his com-pensable injury.
R. SMITH, J„ and WOODIE A. LILES (Ret.), Associate Judge, concur.